FILED

2003 OCT 14 P 2: 52

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL J. FAGO | : CIVIL ACTION NO. |
| PLAINTIFF, | : NO.: 3:02CV1189(AHN) |
| VS. | : |
| CITY OF HARTFORD; ET AL., | : |
| DEFENDANTS. | : October 8, 2003 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS MOTION TO COMPEL AND FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), the Police Defendants have filed a Motion to Compel the deposition of the plaintiff, Michael Fago. In addition, the Police Defendants have filed a Motion for Sanctions. The plaintiff now files this opposition to the Police Defendants Motions.

**I.   FACTS RELEVANT TO THE PRESENT MOTION.**

The plaintiff was deposed on May 14, 2003, as noticed by the Police Defendants. The deposition of the plaintiff was continued on August 7, 2003. During the August 7, 2003 deposition, the plaintiff was presented with Defendants Exhibit 16. This exhibit contained two pages and were presented as one exhibit. (See attached as Defendants Exhibit 2.)

Upon questioning the plaintiff about Exhibit 16, it became clear that the exhibit being presented was being presented in a misleading manner. Exhibit 16 is a Interim Probationary

1

Employee Performance Evaluation. The first page is the same form as the second page. Each page has the same signature by Captain Mark Pawlina dated March 22, 2002. Each page has the same signature of Assistant Chief Kevin Jones dated April 2, 2002. Each page has the signature of the plaintiff. Each page has the signature of Chief Marquis dated April 2, 2002. Each page has the notation: "See the APRIL 25, 2002 Memo from Captain Pawlina to A/C Jones and attachments". Each page has is initialed by A/C K. Jones next to an "X" near the box stating "During the Period covered by this evaluation, the employee's performance indicates a need for improvement in the factors described below (If an extension of the probationary period is recommended for Local 1717 members. Please so indicate.)" This box on the second page however, is initialed by "M.R." but is not initialed on the second page. On the first page, the box stating: "During the Period covered by this evaluation, the employee's performance has been satisfactory in all of the above factors" is checked off. On the second page, however, the same box is scratched out. There are discrepancies between the two documents that upon presentation of the exhibit to the plaintiff created confusion and were misleading. Only copies were presented at the plaintiff's deposition and the original documents were not presented. As presented, the Exhibit appears to show that the plaintiff signed a document stating that for the Interim evaluation he received a satisfactory evaluation and for the same period he signed an evaluation stating that he received a needs improvement evaluation.

Subsequent to the termination of the plaintiff's deposition, the plaintiff served a subpoena against the City of Hartford, Keeper of Records, Elizabeth Dunn, to produce the original

2

personnel file of the plaintiff so that it could be determined what the actual personnel file contained. Plaintiff's counsel reviewed the original personnel file in the presence of the City employee.

Additionally, the plaintiff subpoenaed Elizabeth Dunn to appear for a deposition scheduled for Friday, September 19, 2003. Despite one month notice, Ms. Dunn did not appear on September 19, 2003, to be deposed. Additional dates for the deposition of Ms. Dunn have not been provided by defendants' counsel.

## II.   LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), the defendants move to compel the deposition of the plaintiff. The termination of his deposition occurred when he was presented with an Exhibit that was confusing and misleading and was presented in a manner to harass and embarrass. The exhibit was misleading because it has the signature of the plaintiff thus implying that the plaintiff was the signatory of both documents and that there existed two documents with the plaintiff's signature. The importance of the distinction the two documents is that as presented it appears that the plaintiff signed a document stating that for the Interim evaluation he received a satisfactory evaluation and for the same period he signed an evaluation stating that he received a needs improvement evaluation. This was a falsehood and the documents had been doctored by the defendants as the plaintiff was not presented with two separate documents and did not sign two separate documents.

The presentation of the documents as one exhibit was done solely to confuse and harass the plaintiff and it was necessary to terminate the deposition to protect the plaintiff. As the attached Motion for Protective Order illustrates. The testimony of Ms. Dunn is required to fully understand the defendants' involvement and misconduct surrounding Exhibit 16.

## CONCLUSION

The plaintiff requests the court deny the defendants' Motion to Compel the deposition of the plaintiff until all of the issues surrounding Exhibit 16 are understood, which requires the deposition of Ms. Dunn. The plaintiff further requests the court deny the defendants' Motion for Sanctions on the same basis.

THE PLAINTIFF
MICHAEL FAGO

By: _____
Erin L. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Ave.
West Hartford, CT 06119
(860) 523-4055
Federal Bar # ct 23073

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, October 8, 2003, to the following:

Charles L. Howard, Esq.
Gregg Goumas, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Joseph W. McQuade
Jennifer L. Dixon
Kainen, Escalera & McHale
21 Oak Street
Hartford, CT 06106

Clerk
United States District Court
975 LaFayette Boulevard
Bridgeport, CT 06604

_____
Erin L. O'Neil