FILED

2003 OCT 21  P 3: 09

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL J. FAGO,                              :
      Plaintiff,                             :       CIVIL ACTION NO.
                                  :       3:02-cv-1189 (AHN)
vs.                                          :
                                    :
CITY OF HARTFORD; AND IN THEIR               :
INDIVIDUAL AND OFFICIAL                      :
CAPACITIES, BRUCE MARQUIS,                   :
CHIEF OF POLICE; KEVIN JONES,                :
ASSISTANT CHIEF OF POLICE; MARK              :
PAWLINA, POLICE CAPTAIN; JOSEPH              :
BUYAK, POLICE CAPTAIN; NANCY                 :
MCCLURE, POLICE LIEUTENANT;                  :
MARK RUDEWICZ, POLICE                        :
SERGEANT; STEPHEN MIELE, POLICE              :
SERGEANT; PATRICK JOBES, POLICE              :
SERGEANT; and ROBERT RUSSELL,                :
POLICE OFFICER,                              :
      Defendants.                            :       October 21, 2003

## DEFENDANTS' OBJECTION TO
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Local Civil Rule 7(a)1 of the United States District Court for the

District of Connecticut, the defendants City of Hartford, Bruce Marquis, Kevin Jones,

Mark Pawlina, Joseph Buyak, Mark Rudewicz, and Stephen Miele (together

"Defendants"), hereby respectfully object to Mr. Fago's motion for a protective order

preventing his continued deposition ("Motion").  As explained more fully below, Mr.

Fago's Motion is untimely and, more importantly, he has not shown and cannot show that Defendants' counsel presented documents in a misleading manner or attempted to annoy, embarrass, or harass Mr. Fago during his August 7, 2003 continued deposition. The Court should therefore deny his Motion.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    Procedural Background

The Plaintiff filed his original Complaint on July 11, 2002.  He later amended his Complaint on October 8, 2002 and again on July 29, 2003.  On May 14, 2003, the Defendants deposed Mr. Fago, and continued the examination on August 7, 2003 ("Continued Deposition").  During his Continued Deposition, Defendants' counsel began to ask Mr. Fago about a document marked Defendants' Exhibit 16 ("Exhibit 16"), a copy of which is attached at Exh. 1.  (M. Fago Aug. 7, 2003 Dep. at 241, attached at Exh. 2.)  Exhibit 16's three pages contained two copies of a City of Hartford Probationary Employee Performance Evaluation form regarding Mr. Fago' s probationary service as a Lieutenant at the Hartford Police Department ("HPD").  (C. Howard Aff. ¶ 3, attached at Exh. 3.)  In particular, one form reflects an "X" in a box corresponding to a "satisfactory" evaluation, while the other form shows a cross-out

through that box and a circle around the initials "M.P" in the box corresponding to an "unsatisfactory" evaluation. See Exh. 1.

When defense counsel began to question Mr. Fago about Exhibit 16 to determine which document, if any, he had received during his probationary period for the rank of Lieutenant ("Probationary Period"), Exh. 2 at 242, 245-46, Mr. Fago's counsel objected to Exhibit 16, Exh. 2 at 241, and became obstructive, initiating a colloquy with Defendants' counsel in which he claimed that "you are committing a fraud . . . these documents have been altered and you know it." Id. at 245; see also id. ("You are committing a fraud."); id. at 247 ("Your clients and you are in trouble, because that is a Federal offense.").

Next, Mr. Fago's counsel stated that he would move for a protective order because Defendants' counsel was "trying to harass, annoy and embarrass my client and I am not going to put up with it. We're done." Id. at 245; see also id. at 246 ("We'll send a motion out . . . under rule 30."). Mr. Fago and his counsel then left the deposition. Id. at 247. During the next three weeks, however, Mr. Fago failed to file a motion for protective order.

On September 2, 2003, Defendants' counsel wrote to Mr. Fago's counsel, asking whether he still planned to file such a motion and, if not, to identify on September 4 or

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

5, 2003 dates on which to continue Mr. Fago's deposition. Exh. 3 ¶ 5 and Tab. A.  (Mr. Fago's counsel and Defendants' counsel attended a deposition in a separate matter on those dates.  Id. ¶ 6.)  Later, on September 12, 2003, when defense counsel again inquired whether plaintiff's counsel was going to make the plaintiff available for the continuation of his deposition, plaintiff's counsel stated that his office had filed a motion for protective order and that they would not make the plaintiff available for the continuation of his deposition until after the Court had decided the motion.  Id. ¶ 8; Exh. 4, ¶ 6.  On September 17, 2003, to prevent further delay, Defendants moved the Court to compel the continuation of Mr. Fago's deposition and for the Court to impose sanctions on Mr. Fago's counsel for his obstructive behavior and for unilaterally ending Mr. Fago's Continued Deposition without substantial justification.  Three weeks later, on October 8, 2003, Mr. Fago filed his Motion.

B.    Factual Statement

In August 1986, the City of Hartford ("City") hired Mr. Fago as a police cadet. (Pl.'s Am. Compl., Count One ¶ 11.)  Mr. Fago was later promoted to the rank of Officer and then to that of Sergeant.  Id. ¶ 13.  On May 27, 2001, Mr. Fago began his Probationary Period as a Lieutenant.  See id.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

On November 23, 2001, Mr. Fago received a satisfactory interim evaluation during his Probationary Period. Id. ¶ 21. Mr. Fago alleges that although he also initially received a satisfactory interim evaluation for the evaluation period ending February 22, 2002, this evaluation was later changed to unsatisfactory. See id. ¶ 22. On May 16, 2002, Mr. Fago was returned to his rank of Sergeant, allegedly based on a false claim by defendant Lieutenant Nancy McClure and other defendants' allegedly false statements during a subsequent investigation. Id. ¶¶ 23, 25-26, 28, 30. Mr. Fago alleges that the defendants made their false statements in retaliation for his testimony in various federal lawsuits. Id. ¶¶ 16-20, 27. Mr. Fago further alleges that a later personnel hearing was ended because Lieutenant McClure's claim and the following investigation were found to be "fabricated and incomplete." Id. ¶ 32-33. Mr. Fago also alleges that he was also treated unequally based on his Caucasian race. See id. ¶ 34.

Because of these alleged acts, Mr. Fago claims to have sustained economic harm, lost past and future wages, lost contributions to his pension, and unidentified future economic harm. See, e.g., id. at Count One ¶ 37. He also claims to have suffered extreme emotional and mental harm, id. at Count One ¶ 36, and to have been alternately publicly defamed and publicly humiliated and that his privacy has been invaded. See, e.g., id.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 30(d)(4) provides that "[a]t any time during a deposition on motion of a party or the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court . . . may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition." Fed. R. Civ. P. 30(d)(4). [1] Further, "[u]pon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order." Id.  The party or deponent should make such a motion "immediately." See, e.g., Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc., 145 F.R.D. 59, 62 (E.D. Penn. 1992), modified on other grounds by 815 F. Supp. 2d 145.

---

[1] Although Mr. Fago has moved the Court pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") to prevent his continued deposition, (Pl.'s Mot. for Protective Order of the Continued Dep. of the Pl. at 1), Federal Rule of Civil Procedure 30(d) ("Rule 30(d)") is the proper basis for such a motion. See Fed. R. Civ. P. 30(d)(4) (providing for protective order once deposition is underway); see also 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2116 (1994 & Supp. 2003) (discussing former Rule 30(d)(3)) ; 7 Moore's Federal Practice § 30.51 (Matthew Bender 3rd ed. 2003). Even Mr. Fago's counsel acknowledged that Rule 30(d) is the proper rule under which to move for such an order. See Exh. 2 at 246 (Mr. Brewer stating that "[w]e'll send a motion out . . . under rule 30.")

Nevertheless, both rules were "adopted for the protection of parties and deponents because of the liberal rights of discovery given by Rule 26." 8A Wright, Miller & Marcus at § 2116. Cases considering claims of annoyance, embarrassment, oppression or undue burden under Rule 26(c) are therefore helpful to the Court's ruling on Mr. Fago's Motion. Id.

6

While the Court has broad discretion in considering whether to issue a protective order, Dove v. Atlantic Capital Corp., 963 F.2d 15, 16 (2nd Cir. 1992) (considering motion under Rule 26(c)), "the power to halt or limit examination is sparingly used." 7 Moore's Federal Practice § 30.51 (Matthew Bender 3rd ed. 2003). To meet his or her burden of showing good cause, the moving party must demonstrate "that a clearly defined and serious injury will result from the discovery sought. Conclusory or speculative statements about the need for a protective order and the harm that would be suffered without one are insufficient." 6 Moore's Federal Practice § 26.102[1] (Matthew Bender 3rd ed. 2003) (discussing motions under Rule 26(c)). In particular, a deponent claiming that an opposing lawyer is conducting the examination in an annoying, embarrassing, or oppressive way must show that the alleged embarrassment is significant. See, e.g., Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925-26 (8th Cir. 1999) (considering motion under Rule 26(c)); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986).

Finally, Local Civil Rule 37(a)2 of the United States District Court for the District of Connecticut requires that a party first confer "with opposing counsel and discuss[] the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

D. Conn. L. Civ. P. 37(a)2.  If a motion is necessary, however, the moving party "shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has" tried to do so.  Id.

## III.    LAW AND ARGUMENT

The Court should deny Mr. Fago's Motion because he filed it two months after his counsel unilaterally ended his Continued Deposition and, more importantly, he has not shown and cannot show that Defendants' counsel conducted the deposition in bad faith or in a way to annoy, embarrass or oppress Mr. Fago.[2]  First, Mr. Fago's Motion is untimely.  A party or deponent may demand that the deposition "be suspended for the time necessary to make a motion for a [protective] order."  Fed. R. Civ. P. 30(d)(4) (emphasis added).  Such a motion should be made "immediately".  See Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc., 145 F.R.D. 59, 62 (E.D. Penn. 1992), modified on other grounds by 815 F. Supp. 2d 145.  A delay of one or two months is not appropriate.  Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 129 F.R.D. 483, 487 (D.N.J. 1990) (motion for protective order under Rule 26(c) untimely when filed two months after discovery was due), later proceeding at, aff'd by, adopted by 135 F.R.D. 101

---

[2] The Defendants also observe that Mr. Fago has failed to file with his Motion an affidavit describing his counsel's good faith attempt to resolve this controversy with the Defendants' counsel.  Cf. D. Conn. L. Civ. R. 37(a)2.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

(D.N.J. 1990), reported in full at 1992 U.S. Dist. LEXIS 16096 (D.N.J. Nov. 13, 1990),

later proceeding at 1992 U.S. Dist LEXIS 11692 (D.N.J. July 20, 1992), aff'd by 1992

U.S. Dist. LEXIS 14031 (D.N.J. Sept. 8, 1992), summary judgment granted in part,

denied in part by 842 F. Supp. 125 (D.N.J. 1993); United States v. Panhandle E. Corp.,

118 F.R.D. 346, 350 (D. Del. 1988) (motion for protective order under Rule 26(c)

untimely when filed one month after discovery was due).  Here, Mr. Fago waited two

months before filing his Motion.  This is both untimely, Nestle Foods Corp., 129 F.R.D.

at 487, and inconsistent with Mr. Fago's counsel's duty "to promote the just, speedy

and inexpensive determination of every action."  D. Conn. L. Civ. R. 16(g).  The Court

should therefore deny Mr. Fago's Motion.

     Second, Mr. Fago has failed to show that Defendants' counsel conducted his

Continued Deposition in bad faith or in a way to embarrass or harass him.  A party

seeking a protective order must clearly demonstrate the harm threatened by the inquiry.

Fed. R. Civ. P. 30(d)(4); cf. 6 Moore's Federal Practice § 26.102[1] (Matthew Bender

3rd ed. 2003) (Rule 26(c) motions).  For example, a party must demonstrate that the

proposed discovery would cause significant embarrassment.  Miscellaneous Docket

Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925-26 (8th Cir.

1999) (quashing deposition subpoena seeking testimony about deponent's romantic or

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

sexual relationships with employees).  A party's conclusory statements and unsupported

claims, however, are insufficient.  6 <u>Moore's Federal Practice</u> at § 26.102[1].

In his Motion, Mr. Fago claims that the Defendants' counsel presented him with

"manufactured" or "doctored" documents, (Pl.'s Mot. for Protective Order of the

Continued Dep. of the Pl. at 1), that wrongly suggested that he had signed two,

contradictory probationary performance evaluations for the same evaluation period—

one reflecting a satisfactory rating, the other an unsatisfactory rating.  (Pl.'s Mem. in

Support of Mot. for Protective Order of the Continued Dep. of the Pl. at 1-2.)  He

further claims that the Defendants' counsel did so to harass and embarrass him.  (<u>See</u>,

<u>e.g.</u>, Pl.'s Mot. for Protective Order of the Continued Dep. of the Pl. at 1.)  He does not,

however, cite to any portion of the transcript of his Continued Deposition ("Transcript")

or case law to support his claims.

As described above, Mr. Fago claims that he received a satisfactory rating for

the probationary evaluation period ending February 22, 2002.  (<u>See</u> Pl.'s Am. Compl.,

Count One ¶ 22.)  Defendants' counsel was unaware of what, if any, version of a

probationary performance evaluation for this period Mr. Fago had received or signed,

Exh. 3 at ¶ 3, and two versions of that interim evaluation were contained in documents

produced by the City of Hartford to the plaintiff.  <u>See</u> Exh. 1 (bearing Bates stamp

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

labels COH112-113 and COH 303); Exh. 3 ¶ 3.  The Transcript shows that the

Defendants' counsel did not represent or otherwise suggest to Mr. Fago that he had

signed two versions of Exhibit 16, nor did Defendants' counsel ask Mr. Fago had to

agree that he had done so.

Indeed, the Defendants' counsel denied that he was "asking [Mr. Fago] to

authenticate" Exhibit 16, Exh. 2 at 241, and simply tried to learn what probationary

performance evaluations Mr. Fago had received and signed:

> Q:    Okay.    The first page—let's talk about the exhibit
> generally.  Did you receive an interim evaluation for the period where it
> says in the box number six at the top of the page evaluation due date
> 2/22/02?
> A:    Did I receive this evaluation?
> Q:    No.    Did you receive an interim evaluation for that
> period?  That's not with respect to this exhibit.  Did you receive one?
> A:    I believe that I received something for this period the day
> I was demoted.  That was the first I had seen of an interim evaluation.
> Q:    So you didn't receive any—after the previous exhibit,
> Exhibit 13 for the December period, the next evaluation you got was the
> evaluation you got on the day of your demotion; is that correct?
> A:    It could be, but I'm not sure on that.
> Q:    Do you have any recollection of receiving any evaluations
> between what has been marked as Exhibit 13 and the day of your
> demotion?
> A:    I don't know.
>                                . . .
> Q:    Now let's take a look at the first page of Exhibit 16.  On
> the front of that exhibit there is a signature.  At the bottom that appears
> to be your signature.  Is that your signature?
> A:    Yes.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

> Q:    And on the front of the second page there's a stamp that
> says COH303.  Do you see that kind of down right there?
> A:    Yes.
> Q:    And on that page that's your signature as well?
> A:    Yes.
> Q:    Do you know when you signed either of these forms?
> A:    Well, they appear to be the same form except one appears
> just different.
> Q:    No, I understand that.

Id. at 242-43.  It was at this point that Mr. Fago's counsel initiated the colloquy in

which he accused Defendants' counsel of fraud, id. at 245, and later unilaterally ended

the examination.  Id. at 243-47.

       This excerpt shows that there is no evidence that Defendants' counsel conducted

Mr. Fago's Continued Deposition in an annoying, embarrassing or oppressive way.

Indeed, the expressed purpose of the examination was to show the plaintiff both copies

of the evaluations and confirm whether he received either or both of them.  Mr. Fago's

claims, however, are similar to those dismissed by the court in Fondren v. Republic Am.

Life Ins. Co., 190 F.R.D. 597 (N.D. Okla. 1999).  There, the court considered the

plaintiffs' motion to compel answers to certain questions asked of the defendant

company's vice president.  Id. at 598.  In particular, defendant's counsel instructed the

deponent not to answer several questions, claiming alternately that the information

sought was protected by a privilege and that the plaintiffs' attorney was "conduct[ing]

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

himself in a manner that can only be described as rude, harassing, unprofessional, and abusive." Id. at 599. The defendant's counsel specifically claimed that the plaintiffs' counsel had misstated facts, harassed the witness, and asked misleading questions. Id. at 600.

After reviewing a videotape of the deposition, the court found that the plaintiffs' counsel had not been rude, harassing, unprofessional or abusive. Id. at 601. In granting the plaintiffs' motion to compel, the court observed that the defendant's "characterization of [the plaintiffs' attorney's] conduct is simply inaccurate," id., and that "counsel do not serve their clients' interests or their professional reputations by such inaccurate allegations." Id. at n.3.

Here, as in Fondren, the Transcript shows that Mr. Fago's claims are "simply inaccurate": there is no evidence that the Defendants' counsel tried to embarrass or harass Mr. Fago. Instead, the Defendants' counsel simply attempted to learn what, if any, interim probationary performance evaluation for the period ending February 22, 2002 he had received. Exh. 2 at 242-43. The fact that both versions were included in one exhibit is, in itself, evidence that Defendants' counsel was not trying to mislead the plaintiff; if counsel had intended to mislead Mr. Fago, he might have presented only one version of the evaluation, implying that that document was the form that Mr. Fago had

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

received and signed.  Mr. Fago has failed to meet his burden of showing that the court

should a use its extraordinary power to prevent Mr. Fago's Continued Deposition.  Cf. 7

Moore's Federal Practice § 30.51 (Matthew Bender 3rd ed. 2003) ("power to halt or

limit examination is sparingly used.").  The Court should therefore deny his Motion.

Finally, Mr. Fago has failed to show good cause why the Court should prevent

the Defendants from continuing his deposition until he has deposed Elizabeth Dunn, a

City of Hartford Personnel Department employee.  (Cf. Pl.'s Mot. for Protective Order

of the Continued Dep. of the Pl. at 3 (arguing that Ms. Dunn's deposition is a necessary

prerequisite to "fully understand the defendants' involvement and misconduct

surrounding Exhibit 16."))  The Court has broad discretion in ordering the sequence of

depositions.  Occidental Chem. Corp. v. OHM Remediation Servs., 168 F.R.D. 13, 14

(W.D.N.Y. 1996); cf. Cruden v. Bank of New York, 957 F.2d 961, 972 (2nd Cir. 1992)

("trial court enjoys wide discretion in its handling of pre-trial discovery.").  Rule 26(c),

however, requires that a party moving for a protective order first show good cause, Fed.

R. Civ. P. 26(c), and the Court should enter such an order only when "the most

compelling reasons" or "special considerations" exist.  Id. at advisory committee note

(1970 Amendment to Subdivision (d)); cf. Rolscreen Co. v. Pella Prods. of St. Louis,

Inc., 145 F.R.D. 92, 98 (S.D. Iowa 1992) (requiring plaintiff to depose two of defendant

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

corporation's managers before deposing its president because plaintiff claimed that the

managers had "more personal knowledge of the underlying facts of this dispute.")

As discussed more fully above, there is no evidence that the Defendants'

counsel attempted to harass, embarrass or mislead Mr. Fago.  Absent such a showing, a

protective order is not warranted and Mr. Fago's counsel "may not unilaterally refuse to

produce his client until" he has deposed Ms. Dunn.  Keller v. Edwards, 206 F.R.D. 412,

416 (D. Md. 2002).[3]  The Court should therefore deny Mr. Fago's Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants respectfully object to and ask the

Court to deny Mr. Fago's Motion.

---

[3] Further, to the extent that he imputes bad faith to the Defendants concerning Ms. Dunn's postponed
September 19, 2003 deposition, (see Pl.'s Mem. in Support of Mot. for Protective Order of the Continued
Dep. of the Pl. at 2-3), Mr. Fago's Motion fails to acknowledge his counsel's August 29, 2003 telephone
conversation in which Defendants' counsel explained that Ms. Dunn did not work on Fridays, including
September 19, 2003, and in which Mr. Fago's counsel agreed that this did not present a problem and that
counsel would together identify new dates for her deposition.  (G. Goumas Aff. ¶¶ 3-5, attached at Exh.
4.)

DEFENDANTS, CITY OF HARTFORD,
BRUCE MARQUIS, KEVIN JONES,
MARK PAWLINA, JOSEPH BUYAK,
MARK RUDEWICZ, AND STEPHEN
MIELE

By: _____

Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. CT 19095
Derek L. Mogck
Federal Bar No. CT 23688
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5599

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Objection to Plaintiff's Motion for Protective Order was mailed via first class mail, postage prepaid, on this 21st day of October, 2003, as follows:

James S. Brewer, Esquire
Erin O'Neil, Esquire
818 Farmington Avenue
West Hartford, CT 06120

Joseph W. McQuade, Esquire
Jennifer L. Dixon, Esquire
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

Derek L. Mogck

355334 v.01 S1

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

ORIGINAL–(White)–Personnel
DUPLICATE–(Blue)–Department
TRIPLICATE–(Yellow)–Employee

# CITY OF HARTFORD
## PROBATIONARY EMPLOYEE PERFORMANCE EVALUATION

| 1. NAME | | | | |
|---|---|---|---|---|
| MICHAEL FAGO | 2. EMPLOYEE NO. | | 3. DEPARTMENT | |
| | 940676 | | POLICE | |
| 4. CLASS CODE AND TITLE | 5. DATE OF APPOINTMENT TO CLASS | | | |
| 5041 POLICE LIEUTENANT | 05/27/01 | | | |
| 6. EVALUATION DUE DATE | | | | |
| 02/22/02 | 7. TYPE OF EVALUATION | INITIAL | INTERIM | FINAL Must Complete * Reverse Side * |
| | CHECK ONE (X) | | X | |

Under requirements set by the City Charter, every person certified and appointed to a regular position must satisfactorily complete a working test period during a probationary period. The procedures to be followed are set forth in the Personnel Rules and Regulations and/or the collective bargaining agreements. Departments are responsible for the timely submission of all initial, interim and final evaluation forms. Extensions of probationary periods for Local 1716 employees are to be done in accordance with that collective bargaining agreement. Once completed and signed by the immediate supervisor, the form should be forwarded to any intermediate supervisors, if any for their review and sign-off. Then, the form should be forwarded to the department head. Once signed by the department head, the employee shall be asked to sign the form signifying that he or she has received a copy and the white copy sent to the Personnel Department.

## EVALUATION BY IMMEDIATE SUPERVISOR:

Based on daily contact and close observation I have considered carefully and without bias the following factors of the employee's work performance.

**DEPENDABILITY:**
Attendance record, punctuality and work habits.

**JOB KNOWLEDGE AND SKILLS:**
Possession of knowledges, skills and abilities required for satisfactory performance on the job and demon–stration of progress in learning work procedures sufficient to indicate successful completion of the working test.

**HUMAN RELATIONS:**
Ability to work in harmony with co–workers at all levels. Courtesy and patience required of City Employees in dealing with the public.

## CHECK ONE, BASED ON THE ABOVE:

[X] During the Period covered by this evaluation, the employee's performance has been satisfactory in all of the above factors.

[X] During the Period covered by this evaluation, the employee's performance indicates a need for improvement in the factors described below. (If an extension of the probationary period is recommended for Local 1716 members. Please so indicate.) (Use separate sheet, if required.)

See the APRIL 25, 2002 Memo from Capt Pawlina to A/C Jones and attachments

FENDANTS
IT NO. __16__
IDENTIFICATION
7/1/02  RPTR: J___

MARK PAWLINA
MEDIATE SUPERVISOR'S NAME

Capt. M. Pawl. 770 CAPTAIN
TITLE        SIGNATURE

3-22-02
DATE

## VIEW OF EVALUATION:
AVE REVIEWED AND AGREE WITH THE IMMEDIATE SUPERVISOR'S EVALUATION

| _____ Jones _____ | Assistant Chief | M.X. Jones no title | 4/2/02 |
|---|---|---|---|
| NAME | TITLE | SIGNATURE | DATE |

| | | | |
|---|---|---|---|
| NAME | TITLE | SIGNATURE | DATE |

Michael Fago
OYEE'S SIGNATURE SIGNIFYING RECEIPT OF COPY          DATE          SIGNATURE OF DEPARTMENT HEAD          DATE

4/2/02

COH 112

ORIGINAL(White)–Personnel
DUPLICATE(Blue)–Department
TRIPLICATE(Yellow)–Employee

# CITY OF HARTFORD
## PROBATIONARY EMPLOYEE PERFORMANCE EVALUATION

| NAME | | 2. EMPLOYEE NO. | | 3. DEPARTMENT |
|---|---|---|---|---|
| MICHAEL FAGO | | 940676 | | POLICE |

| CLASS CODE AND TITLE | 5. DATE OF APPOINTMENT TO CLASS |
|---|---|
| 5041 POLICE LIEUTENANT | 05/27/01 |

| EVALUATION DUE DATE | 7. TYPE OF EVALUATION | | INITIAL | INTERIM | FINAL Must Complete * Reverse Side * |
|---|---|---|---|---|---|
| 02/22/02 | CHECK ONE (X) | | | X | |

Under requirements set by the City Charter, every person certified and appointed to a regular position must satisfactorily complete a working test period during a probationary period. The procedures to be followed are set forth in the Personnel Rules and Regulations and/or the collective bargaining agreements. Departments are responsible for the timely submission of all initial, interim and final evaluation forms. Extensions of probationary periods for Local 1716 employees are to be done in accordance with that collective bargaining agreement. Once completed and signed by the immediate supervisor, the form should be forwarded to any intermediate supervisors, if any for their review and sign-off. Then, the form should be forwarded to the department head. Once signed by the department head, the employee shall be asked to sign the form signifying that he or she has received a copy and the white copy sent to the Personnel Department.

**'ALUATION BY IMMEDIATE SUPERVISOR:**

;ed on daily contact and close observation I have considered carefully and without bias the following factors of the ployee's work performance.

**DEPENDABILITY:**
Attendance record, punctuality and work habits.

**JOB KNOWLEDGE AND SKILLS:**
Possession of knowledges, skills and abilities required for satisfactory performance on the job and demon—
stration of progress in learning work procedures sufficient to indicate successful completion of the working test.

**HUMAN RELATIONS:**
Ability to work in harmony with co—workers at all levels. Courtesy and patience required of City Employees in dealing with the public.

**ECK ONE, BASED ON THE ABOVE:**

☒ During the Period covered by this evaluation, the employee's performance has been satisfactory in all of the above factors.

for A/c ☒ Jne ☒
(AM.P.)

During the Period covered by this evaluation, the employee's performance indicates a need for improvement in the factors described below (If an extension of the probationary period is recommended for Local 1716 members. Please so indicate.) (Use separate sheet, if required.)

See the APRIL 25, 2002 memo from Cigt Pawine to A/c Jones and attachments

| MARK PAWLINA | Capt. M. Pal. 770 | CAPTAIN | 3-22-02 |
|---|---|---|---|
| IATE SUPERVISOR'S NAME | | TITLE | SIGNATURE | DATE |

**N OF EVALUATION:**
REVIEWED AND AGREE WITH THE IMMEDIATE SUPERVISOR'S EVALUATION

COH 303

| Kevin Jones | Assistant Chief | Al Jones not available 4/2/02 |
|---|---|---|
| NAME | TITLE | SIGNATURE | DATE |

| | | | |
|---|---|---|---|
| NAME | TITLE | SIGNATURE | DATE |

| ichael Fago | | | 4/2/02 |
|---|---|---|---|
| SIGNED SIGNIFYING RECEIPT OF COPY | | SIGNATURE | DATE |

FAGO v. CITY OF HARTFORD

August 7, 2003

Page 207

```
 1    UNITED STATES DISTRICT COURT
 2    DISTRICT OF CONNECTICUT
 3
 4
      ------------------------x
 5
      MICHAEL J. FAGO,              :
 6
                   Plaintiff,      :
 7
            -versus-           : No. 3:02CV1189(AHN)
 8
      CITY OF HARTFORD; AND IN           VOL. II
 9    THEIR INDIVIDUAL AND
      OFFICIAL CAPACITIES, BRUCE
10    MARQUIS, CHIEF OF POLICE;
      KEVIN JONES, ASSISTANT
11    CHIEF OF POLICE; MARK
      PAWLINA, POLICE CAPTAIN;
12    JOSEPH BUYAK, POLICE
      CAPTAIN; NANCY McCLURE,
13    POLICE LIEUTENANT; MARK
      RUDEWICZ, POLICE SERGEANT;
14    STEPHEN MIELE, POLICE
      SERGEANT; PATRICK JOBES,
15    POLICE SERGEANT; and
      ROBERT RUSSELL, POLICE
16    OFFICER,                    :
17                   Defendants.   :
18    ------------------------x
19                   Continued deposition of MICHAEL J.
20    FAGO, taken pursuant to Section 243, et seq. of the
21    Connecticut Practice Book, at the law offices of
22    Shipman & Goodwin, Hartford, Connecticut, before
23    Jacqueline McCauley, RPR/CSR, a Notary Public in and
24    for the State of Connecticut, on August 7, 2003, at
25    10:05 a.m.
```

SANDERS, GALE & RUSSELL

(203)624-4157

FAGO v. CITY OF HARTFORD

August 7, 2003

Page 240

1  what I was trying to say, yes.
2      Q. Is it your claim that they should have
3  been included in this report?
4          MR. BREWER: Object to the form,
5  asked and answered.
6      A. Yes.
7      Q. Now, it would appear and I believe you
8  said before Mr. Brewer started representing you
9  sometime in early May, late April?
10     A. That may be correct, yes.
11     Q. Do you have any independent recollection
12  of that?
13     A. I don't. I believe it was before my
14  demotion.
15         (Defendant's Exhibit 16, marked for
16          identification.)
17         MR. BREWER: This a good time for a
18  break, Chuck?
19         MR. HOWARD: Sure. We just have
20  gotten started, but --
21         MR. BREWER: I knew that.
22         (Whereupon, there was a brief
23          recess.)
24         (Defendant's Exhibit 17, marked for
25          identification.)

Page 241

1      Q. I've handed you what's marked as
2  Exhibit 16. You see that?
3      A. Yes.
4      Q. And it's actually three pages. There's
5  the front and back of the first page and the
6  front of the second page. Do you see that?
7          MR. BREWER: Are you asking him to
8  authenticate this?
9      Q. No, no, no. Do you see what I'm referring
10  to?
11     A. No. Could you please repeat that?
12     Q. I said this exhibit essentially is three
13  pages. It's the front and the back of the first page
14  and then there's a second page; is that correct?
15     A. Yes.
16         MR. BREWER: Just so it's clear on
17  the record I object to this exhibit, because it's two
18  different documents so it should be separated. You
19  have two different documents here.
20         MR. HOWARD: I have it as one
21  exhibit and --
22         MR. BREWER: We can do a lot with a
23  copy machine, right, Chuck? So I object just so it's
24  clear on the record.
25         MR. HOWARD: That's fine.

Page 242

1          MR. BREWER: Excuse me. The second
2  page appears to be a different exhibit than the first
3  page, double sided page.
4      Q. Okay. The first page -- let's talk about
5  the exhibit generally. Did you receive an interim
6  evaluation for the period where it says in box number
7  six at the top of the page evaluation due date
8  2/22/02?
9      A. Did I receive this evaluation?
10     Q. No. Did you receive an interim evaluation
11  for that period? That's not with respect to this
12  exhibit. Did you receive one?
13     A. I believe that I received something for
14  this period the day I was demoted. That was the first
15  I had seen of an interim evaluation.
16     Q. So you didn't receive any -- after the
17  previous exhibit, Exhibit 13 for the December period,
18  the next evaluation you got was the evaluation you got
19  on the day of your demotion, is that correct?
20     A. It could be, but I'm not sure on that.
21     Q. Do you have any recollection of receiving
22  any evaluations between what has been marked as
23  Exhibit 13 and the day of your demotion?
24     A. I don't know.
25     Q. You have no recollection or you just don't

Page 243

1  know?
2      A. I don't know, because they really weren't
3  that important. I didn't take notice of these
4  evaluations. I may have seen the initial one. Maybe
5  there was another one, but I wasn't heightened to
6  these evaluations until I was demoted specifically
7  until I had seen a form that was changed.
8      Q. Now let's take a look at the first page of
9  Exhibit 16. On the front of that exhibit there is a
10  signature. At the bottom that appears to be your
11  signature. Is that your signature?
12     A. Yes.
13     Q. And on the front of the second page
14  there's a stamp that says COH303. Do you see that
15  kind of down right here?
16     A. Yes.
17     Q. And on that page that's your signature as
18  well?
19     A. Yes.
20     Q. Do you know when you signed either of
21  these forms?
22     A. Well, they appear to be the same form
23  except one appears just different.
24     Q. No, I understand that.
25         MR. BREWER: Let him finish his

10 (Pages 240 to 243)

SANDERS, GALE & RUSSELL

(203)624-4157

FAGO v. CITY OF HARTFORD

August 7, 2003

Page 244

1    answer.
2                    MR. HOWARD:  That's not my question.
3                    MR. BREWER:  Let him finish his
4    answer.
5                    MR. HOWARD:  Do you recall when you
6    signed --
7                    MR. BREWER:  No, wait a minute.  No,
8    no, no, you wait a minute.  You're not going to
9    interrupt him when he is in the middle of answering.
10                   MR. HOWARD:  We are going to get to
11   those issues.
12                   MR. BREWER:  No, no.  We are going
13   to get to it when he answers it.
14                   MR. HOWARD:  No, no.  We are going
15   to answer my questions.
16                   MR. BREWER:  When he is answering a
17   question, don't interrupt him.  You can move to strike
18   it or do anything you want.
19                   MR. HOWARD:  I'll move to strike it.
20                   MR. BREWER:  Stop talking now and
21   let him answer.
22                   MR. HOWARD:  Please answer my
23   questions.
24                   MR. BREWER:  No.  Wait a minute.
25   Stop.  Would you go back please and repeat the

Page 245

1    question and then the partial answer that he gave?
2                    MR. HOWARD:  No.  We are going to
3    start all over.
4                    MR. BREWER:  No.  We are going to
5    stop if you don't knock it off.
6                    MR. HOWARD:  You can walk out if you
7    want to, but I am going to ask the questions.
8                    MR. BREWER:  Okay.  Good-bye.  Thank
9    you.  We're done.  We'll move for a protective order,
10   because you are committing a fraud and put this on the
11   record.  These documents have been altered and you
12   know it.
13                   MR. HOWARD:  I am going to inquire
14   about all of the documents.
15                   MR. BREWER:  No, you are not
16   inquiring.  You are committing a fraud.  You are a
17   part of it, Chuck, so we are going to go for a
18   protective order so --
19                   MR. HOWARD:  On the record.
20                   MR. BREWER:  Excuse me, I am making
21   a record.  You are trying to harass, annoy and
22   embarrass my client and I am not going to put up with
23   it.  We're done.
24                   MR. HOWARD:  For the record,
25   Sergeant Fago, I am going to ask you about what you

Page 246

1    received and when.  I'm asking you right now about
2    your signatures.  Now --
3                    MR. BREWER:  No.  You're all done.
4                    MR. HOWARD:  You can follow your
5    lawyer's instructions and walk out or not.
6                    MR. BREWER:  We'll take a break.
7    We'll talk about it.
8                    MR. HOWARD:  Are you leaving?
9                    (Whereupon, there was a brief
10                        recess.)
11                   MR. BREWER:  We'll send a motion
12   out --
13                   MR. HOWARD:  Okay.
14                   MR. BREWER:  -- under rule 30.
15                   MR. HOWARD:  For the record --
16                   MR. BREWER:  You can put anything on
17   the record.
18                   MR. HOWARD:  I am planning to
19   inquire about when these --
20                   MR. BREWER:  I know what you are
21   going to inquire.  I am going to do inquiry about
22   records tampering here, because I want to know why
23   that wasn't produced to us in the initial part of the
24   discovery.  That's why --
25                   MR. HOWARD:  All of this has been

Page 247

1    produced.
2                    MR. BREWER:  You have not produced
3    that other document.
4                    MR. HOWARD:  All of this has been
5    produced.
6                    MR. BREWER:  You have two documents
7    with the same signature on them, Chuck, that you've
8    marked as Exhibit 13, I'm sorry, 16 and one of them is
9    different than the other.  We'll let the judge decide
10   what's going on here.  Your clients and you are in
11   trouble, because that is a Federal offense.
12                   (Whereupon, this deposition was
13                        concluded at 11:06 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

11 (Pages 244 to 247)

SANDERS, GALE & RUSSELL

(203)624-4157

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1189 (AHN) |
| vs. | : | |
| | : | |
| CITY OF HARTFORD; AND IN THEIR | : | |
| INDIVIDUAL AND OFFICIAL | : | |
| CAPACITIES, BRUCE MARQUIS, | : | |
| CHIEF OF POLICE; KEVIN JONES, | : | |
| ASSISTANT CHIEF OF POLICE; MARK | : | |
| PAWLINA, POLICE CAPTAIN; JOSEPH | : | |
| BUYAK, POLICE CAPTAIN; NANCY | : | |
| MCCLURE, POLICE LIEUTENANT; | : | |
| MARK RUDEWICZ, POLICE | : | |
| SERGEANT; STEPHEN MIELE, POLICE | : | |
| SERGEANT; PATRICK JOBES, POLICE | : | |
| SERGEANT; and ROBERT RUSSELL, | : | |
| POLICE OFFICER, | : | |
| Defendants. | : | October 21, 2003 |

## **AFFIDAVIT OF CHARLES L. HOWARD**

I, Charles L. Howard, state under oath as follows:

1.     I am a partner in the law firm of Shipman & Goodwin LLP and am lead

counsel for the City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph

Buyak, Mark Rudewicz and Steven Miele ("Defendants") in this case.

2.     I have prepared this affidavit in connection with the accompanying

Objection to Plaintiff's Motion for Protective Order.

3.      On August 7, 2003, I continued Mr. Fago's deposition.  Because one of the issues in this case relates to the interim performance evaluation for the period ending February 22, 2002 and I did not know what, if any, documents he had received, I planned to ask Mr. Fago several questions about Exhibit 16.  This exhibit contained two versions of a City of Hartford Probationary Employee Performance Evaluation form signed by the plaintiff regarding his probationary service as a Lieutenant at the Hartford Police Department.  These were documents Bates stamped COH112-13 and COH303 and which had been produced to the plaintiff by the defendant City of Hartford.  In particular, I planned to ask him whether he received a copy of either or both versions of the interim performance evaluation, if any, and which version he signed.

4.      Mr. Fago's counsel unilaterally ended this deposition when I began asking questions of Mr. Fago about what performance evaluations he might have received and signed.

5.      On September 2, 2003, I wrote to Mr. Fago's counsel, Attorney James Brewer, asking him to either tell me when he would file such a motion or when Mr. Fago is available to resume his deposition.  (Sept. 2, 2003 Letter from C. Howard, Esq. to J. Brewer, Esq., attached at Tab A.)  In particular, since we both were planning to

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

attend a September 4 and 5, 2003 deposition of another of his clients, I asked him to respond to me at that time then.

6.     On September 4, 2003, I asked Mr. Fago's co-counsel, Attorney Erin O'Neil, whether Mr. Fago would be moving for a protective order or, if not, to provide me with dates for his deposition.  By the end of the day she had not done so.

7.     On September 5, 2003, I again asked Mr. Fago's counsel, Attorney James Brewer, for dates for Mr. Fago's continued deposition.  He did not respond to my request.

8.     On September 12, 2003, Attorney Gregg Goumas, my associate and co-counsel in this matter attended a deposition in another case in which Mr. Brewer was involved.  Mr. Goumas explained to me that he asked Mr. Brewer whether he was going to make Mr. Fago available for the continuation of his deposition in this matter.  Mr. Brewer told Mr. Goumas that he was not going to make him available until the Court ruled on plaintiff's Motion for Protective Order in connection with plaintiff's deposition.  Mr. Goumas told Mr. Brewer that he was unaware of plaintiff having filed any Motion for Protective Order in connection with plaintiff's deposition.

9.     Between August 8 and October 8, 2003, I did not receive a copy of a motion for protective order filed by Mr. Fago's counsel concerning Exhibit 16.

3

_____
Charles L. Howard

STATE OF CONNECTICUT)
                                        ) ss.
COUNTY OF  HARTFORD          )

    Personally appeared Charles L. Howard, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me, this 21st day of October, 2003.

_____
Commissioner of the Superior
Court/Notary Public
My Commission expires _____

355334 v.01 S2

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385



# Shipman & Goodwin LLP
## COUNSELORS AT LAW

One American Row
Hartford, Connecticut  06103-2819
Phone: (860) 251-5000

Charles L. Howard
Phone: (860) 251-5616
Fax: (860) 251-5699
choward@goodwin.com                September 2, 2003

**BY FACSIMILE ONLY (860) 233-4215**

James S. Brewer, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT  06119

            Re:  Fago v. City of Hartford, et al.

Dear Jim:

        I am writing to you concerning Mr. Fago's August 7, 2003 continued deposition. In particular, you suspended the deposition following your statement that you would move for a protective order under Federal Rule of Civil Procedure 30.

        Almost four weeks have passed and you have not filed any such motion.  We need to proceed with Mr. Fago's deposition.  Please provide dates in September for Mr. Fago's continued deposition to me when we resume Mr. Russo's deposition on September 4, 2003.  Otherwise, I will move to compel the completion of Mr. Fago's deposition.

                Sincerely,

                Charles L. Howard

351703 v.01

Hartford            Stamford            Lakeville            Greenwich

* * * * *  COMMUNICATION  RESULT  REPORT  ( SEP. 2. '03   4:50PM ) * * * *

FAX HEADER:   SHIPMAN&GOODWIN

TRANSMITTED/STORED : SEP. 2. 2003   4:49PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 446 | MEMORY TX | | ##2685500055-92334215 | OK | 2/2 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL        E-2) BUSY
E-3) NO ANSWER                   E-4) NO FACSIMILE CONNECTION

# Fax Message



## Shipman & Goodwin LLP
### COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

| | |
|---|---|
| **TO:**  James S. Brewer, Esq. | **Date/Time:** 09/02/2003  /  04:50 PM |
| **Company:** Brewer & O'Neil, LLC | |
| **Fax Number:**  (860) 233-4215 | **Matter #:**  26855/55 |
| **FROM:**  Derek L. Mogck | |
| **Telephone:**  860-251-5745 | **Facsimile:**  860-251-5700 |
| **Subject:**  Fago v. City of Hartford, et al. | **No. Pages (including cover):** 2 |

**MESSAGE:**

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL
AND PRIVILEGED INFORMATION.  Any dissemination, distribution or copying of this communication other
than by the intended recipient(s) is strictly prohibited.  If you have received this communication in error, please
notify us immediately by telephone (collect), and destroy all copies of this communication.  Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1189 (AHN) |
| vs. | : | |
| | : | |
| CITY OF HARTFORD; AND IN THEIR | : | |
| INDIVIDUAL AND OFFICIAL | : | |
| CAPACITIES, BRUCE MARQUIS, | : | |
| CHIEF OF POLICE; KEVIN JONES, | : | |
| ASSISTANT CHIEF OF POLICE; MARK | : | |
| PAWLINA, POLICE CAPTAIN; JOSEPH | : | |
| BUYAK, POLICE CAPTAIN; NANCY | : | |
| MCCLURE, POLICE LIEUTENANT; | : | |
| MARK RUDEWICZ, POLICE | : | |
| SERGEANT; STEPHEN MIELE, POLICE | : | |
| SERGEANT; PATRICK JOBES, POLICE | : | |
| SERGEANT; and ROBERT RUSSELL, | : | |
| POLICE OFFICER, | : | |
| Defendants. | : | October 21, 2003 |

## AFFIDAVIT OF GREGG P. GOUMAS

I, Gregg P. Goumas, state under oath as follows:

1.      I am an associate in the law firm of Shipman & Goodwin LLP and am

co- counsel for the City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina,

Joseph Buyak, Mark Rudewicz and Steven Miele in this case.

2.     I have prepared this affidavit in connection with the accompanying Objection to Plaintiff's Motion for Protective Order.

3.     On August 29, 2003, plaintiff's counsel, James S. Brewer, called me at my office.  We discussed both Attorney Brewer's interest in examining the City of Hartford Personnel Department's original personnel file for Mr. Fago, as well as the deposition of Elizabeth Dunn, a Personnel Department employee, noticed for September 19, 2003.  During this conversation, I explained to Attorney Brewer that Ms. Dunn did not work on Fridays, including Friday, September 19, 2003; she followed a part-time schedule in which she worked on Tuesday, Wednesday, and Thursday.

4.     In reply, Attorney Brewer stated that this was not a problem and that counsel would together get a new date for Ms. Dunn's deposition, or words to that effect.

5.     This conversation followed my August 27, 2003 facsimile to Attorney Erin O'Neil, Mr. Fago's co-counsel, advising her that Ms. Dunn was unavailable on September 19, 2003 and asking that she contact me to identify an alternate date for Ms. Dunn's deposition.  A copy of this facsimile is attached at Exhibit A.

2

6.    On September 12, 2003, I attended a deposition in another case in which plaintiff's counsel, James S. Brewer, is involved.  I asked Mr. Brewer whether he was going to make Mr. Fago available for the continuation of his deposition in this matter.  Mr. Brewer told me that he was not going to make Mr. Fago available until the Court ruled on plaintiff's Motion for Protective Order in connection with plaintiff's deposition.  I told Mr. Brewer that I was unaware of plaintiff having filed any Motion for Protective Order in connection with plaintiff's deposition.

                                                    _____
                                                    Gregg P. Goumas

STATE OF CONNECTICUT    )
                        ) ss.
COUNTY OF HARTFORD      )

    Personally appeared Gregg P. Goumas, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me, this 21st day of October, 2003.

                                                    _____
                                                    Commissioner of the Superior
                                                    Court/Notary Public
                                                    My Commission expires 8|31|08

355334 v.01 S3

3

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577



# Shipman & Goodwin LLP
## COUNSELORS AT LAW

One American Row
Hartford, Connecticut  06103-2819
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax: (860) 251-5599
ggoumas@goodwin.com

August 27, 2003

**VIA FAX ONLY**

Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Ave.
West Hartford, CT  06119

Re:  <u>Fago v. City of Hartford, et al.</u>

Dear Erin:

I received a copy this afternoon of plaintiff's subpoena to Elizabeth Dunn in the above matter.  The subpoena purportedly requires her to produce on August 29 at your office, <u>inter alia</u>,  "the "<u>original</u> personnel file pertaining to Michael Fago...." (emphasis in the original).  Because Mr. Fago's personnel file is comprised of official city documents, Ms. Dunn will not be able to deliver the <u>original</u> file to your office.  However, should you wish the City to make the <u>original</u> personnel file available to you for inspection at City Hall, I am certain that could be arranged.  Further, the City could also make you copies of any documents from the <u>original</u> file.  In the alternative, the City could simply provide you with a complete copy of Mr. Fago's personnel file.  Please let me know how you wish to proceed.

In addition, please contact me so we can discuss another date for Ms. Dunn's deposition.  She will not be at work on Friday, September 19th, as she only works on Tuesday, Wednesday and Thursday.  Thank you for your cooperation with this matter.

Sincerely,

Gregg P. Goumas

cc:   Elizabeth Dunn

Hartford                Stamford                Lakeville                Boston

# Fax Message



Shipman &
Goodwin LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

| **Date:** August 27, 2003 | **Time:** 4:50 p.m. | **Pages:** 2 |
|---|---|---|
| **From:** Gregg P. Goumas | **Phone:** (860) 251-5521 | **Fax:** (860) 251-5599 |
| **cc:** Elizabeth Dunn | **Fax:** | 722-8042 |
| **Subject:** *Fago v. City of Hartford, et al.* | **Client/Matter:** | 26855-55 |

## PLEASE DELIVER THE FOLLOWING DOCUMENTS TO:

| NAME | FIRM/COMPANY | FAX NO. |
|---|---|---|
| Erin I. O'Neil, Esq. | Brewer & O'Neil, LLC | 233-4215 |

**MESSAGE:**

Please find my letter, which follow this cover.

**IF THIS TRANSMISSION IS NOT CLEARLY OR COMPLETELY RECEIVED, PLEASE
CALL Leslie Ann Maraldi AT (860) 251-5510.**

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL
AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other
than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please
notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

✗ ✗ ✗ TRANSMISSION RESULT REPORT ( AUG. 27. 2003  4:45PM ) ✗ ✗ ✗

TTI

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|------|------|---------|------|------|------|--------|-----------|------|
| UG. 27. | 4:44PM | Brewer Law | G3S | 0'48" | P.  2 | OK | | 7877 |

```
# : BATCH             C : CONFIDENTIAL      $ : TRANSFER        P : POLLING
M : MEMORY            L : SEND LATER        @ : FORWARDING      E : ECM
S : STANDARD          D : DETAIL           F : FINE            ) : REDUCTION
!$: REMOTE TRANSFER   B : FAX ON DEMAND     ✗ : PC             % : PC DIRECT
```

***   TRANSMISSION RESULT REPORT ( AUG. 27. 2003  4:47PM ) * * *

TTI

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|------|------|---------|------|------|------|--------|-----------|------|
| UG. 27. | 4:46PM | 8607228042 | G3ES | 0'39" | P. 2 | OK | | 7878 |

```
#  :BATCH              C :CONFIDENTIAL        $ :TRANSFER         P  :POLLING
M  :MEMORY             L :SEND LATER          @ :FORWARDING       E  :ECM
S  :STANDARD           D :DETAIL             F :FINE            〉 :REDUCTION
!$:REMOTE TRANSFER     B :FAX ON DEMAND       * :PC              % :PC DIRECT
```