FILED

2003 OCT 21 P 3:09

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO,<br>Plaintiff,<br><br>vs.<br><br>CITY OF HARTFORD; AND IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, BRUCE MARQUIS, CHIEF OF POLICE; KEVIN JONES, ASSISTANT CHIEF OF POLICE; MARK PAWLINA, POLICE CAPTAIN; JOSEPH BUYAK, POLICE CAPTAIN; NANCY MCCLURE, POLICE LIEUTENANT; MARK RUDEWICZ, POLICE SERGEANT; STEPHEN MIELE, POLICE SERGEANT; PATRICK JOBES, POLICE SERGEANT; and ROBERT RUSSELL, POLICE OFFICER,<br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:02-cv-1189 (AHN)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>October 21, 2003 |

## DEFENDANTS' REPLY TO
## PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

Pursuant to Local Civil Rule 7(d) of the United States District Court for the District of Connecticut, the defendants City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz, and Stephen Miele (together "Defendants"), hereby respectfully reply to Mr. Fago's Memorandum in Opposition to Defendants' Motion to Compel and for Sanctions ("Opposition"). As explained more

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

fully below, Mr. Fago's Opposition fails to present the Court with any basis on which to deny the Defendants' September 17, 2003 Motion to Compel and for Sanctions ("Motion").

First, Mr. Fago's claims that the Defendants' counsel presented him with "doctored" documents, (Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel and for Sanctions at 3), and otherwise sought to harass and embarrass him by presenting documents in a misleading way. Id. at 1-3. The transcript of his continued deposition, however, shows that these claims are baseless. Besides explaining that was not "asking [Mr. Fago] to authenticate" Exhibit 16, (Aug. 7, 2003 M. Fago Dep. at 241, attached at Exh. 1), the Defendants' counsel's questions to Mr. Fago demonstrate that the examination was not conducted in bad faith or with the intent to harass or embarrass Mr. Fago with altered documents:

> Q: Okay. The first page—let's talk about the exhibit generally. Did you receive an interim evaluation for the period where it says in the box number six at the top of the page evaluation due date 2/22/02?
> A: Did I receive this evaluation?
> Q: No. Did you receive an interim evaluation for that period? That's not with respect to this exhibit. Did you receive one?
> A: I believe that I received something for this period the day I was demoted. That was the first I had seen of an interim evaluation.
> Q: So you didn't receive any—after the previous exhibit, Exhibit 13 for the December period, the next evaluation you got was the evaluation you got on the day of your demotion; is that correct?

2

> A: It could be, but I'm not sure on that.
> Q: Do you have any recollection of receiving any evaluations between what has been marked as Exhibit 13 and the day of your demotion?
> A: I don't know.
>
> . . .
>
> Q: Now let's take a look at the first page of Exhibit 16. On the front of that exhibit there is a signature. At the bottom that appears to be your signature. Is that your signature?
> A: Yes.
> Q: And on the front of the second page there's a stamp that says COH303. Do you see that kind of down right there?
> A: Yes.
> Q: And on that page that's your signature as well?
> A: Yes.
> Q: Do you know when you signed either of these forms?
> A: Well, they appear to be the same form except one appears just different.
> Q: No, I understand that.

Id. at 242-43. It was at this point in the deposition that Mr. Fago's counsel initiated the colloquy in which he accused Defendants' counsel of fraud, id. at 245, and later unilaterally ended the examination. Id. at 243-47. This excerpt shows that there is no evidence that the Defendants' counsel tried to embarrass or harass Mr. Fago. Instead, the Defendants' counsel simply attempted to learn basic, relevant information about Mr. Fago's interim probationary performance evaluation for the period ending February 22, 2002. Mr. Fago has therefore failed to support his claim that the court should deny the Defendants' Motion and prevent them from continuing his deposition.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Second, Mr. Fago's Opposition improperly asks the Court to prevent the Defendants from continuing his deposition until he has deposed Elizabeth Dunn, an employee of the City of Hartford's Personnel Department. (Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel and for Sanctions at 4.) Initially, the Defendants observe that this claim fails to address the conduct precipitating the Defendants' Motion—Mr. Fago's counsel's unilateral termination of his continued deposition—and therefore appears only to be an irrelevant, ex post facto justification for his counsel's behavior.

Further, although the Court has broad discretion in ordering the sequence of depositions, Occidental Chem. Corp. v. OHM Remediation Servs., 168 F.R.D. 13, 14 (W.D.N.Y. 1996); cf. Cruden v. Bank of New York, 957 F.2d 961, 972 (2nd Cir. 1992) ("trial court enjoys wide discretion in its handling of pre-trial discovery."), a motion for protective order is the proper means by which to ask the Court to do so. See Fed. R. Civ. P. 26(d); 6 Moore's Federal Practice § 26.122 (Matthew Bender 3rd ed. 2003). The Court should therefore disregard Mr. Fago's Opposition insofar as it asks it to order the sequence of depositions in this case. Moreover, even if his request were proper, Mr. Fago has failed to show good cause why the Court should do so. See Fed. R. Civ. P. 26(c); cf. Keller v. Edwards, 206 F.R.D. 412, 416 (D. Md. 2002) (defendant's counsel "may not unilaterally refuse to produce his client until" he has deposed the

plaintiff and the plaintiff's expert witness.); <u>Rolscreen Co. v. Pella Products of St. Louis, Inc.</u>, 145 F.R.D. 92, 98 (S.D. Iowa 1992) (requiring plaintiff to depose two of defendant corporation's managers before deposing its president because plaintiff claimed that the managers had "more personal knowledge of the underlying facts of this dispute.")[1]

## IV.  CONCLUSION

For the foregoing reasons, together with those presented therein, the Defendants respectfully request that the Court grant their Motion.

---

[1] To the extent that he imputes bad faith to the Defendants concerning Ms. Dunn's postponed September 19, 2003 deposition, (see Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel and for Sanctions at 3), Mr. Fago's Opposition fails to acknowledge his counsel's August 29, 2003 telephone conversation in which Defendants' counsel explained that Ms. Dunn did not work on Fridays, including September 19, 2003, and in which Mr. Fago's counsel agreed that this did not present a problem and that counsel would together identify new dates for her deposition. (G. Goumas Aff. ¶¶ 3-5, attached at Exh. 2.)

DEFENDANTS, CITY OF HARTFORD, BRUCE MARQUIS, KEVIN JONES, MARK PAWLINA, JOSEPH BUYAK, MARK RUDEWICZ, AND STEPHEN MIELE

By: _____
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. CT 19095
Derek L. Mogck
Federal Bar No. CT 23688
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5599

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel and for Sanctions was mailed via first class mail, postage prepaid, on this 21st day of October, 2003, as follows:

James S. Brewer, Esquire
Erin O'Neil, Esquire
818 Farmington Avenue
West Hartford, CT 06120

Joseph W. McQuade, Esquire
Jennifer L. Dixon, Esquire
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

Derek L. Mogck

355643 v.01 S1

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

```
 1    UNITED STATES DISTRICT COURT
 2    DISTRICT OF CONNECTICUT
 3
 4
      ---------------------------x
 5
      MICHAEL J. FAGO,            :
 6
                 Plaintiff,       :
 7
            -versus-              : No. 3:02CV1189(AHN)
 8
      CITY OF HARTFORD; AND IN
 9    THEIR INDIVIDUAL AND          VOL. II
      OFFICIAL CAPACITIES, BRUCE
10    MARQUIS, CHIEF OF POLICE;
      KEVIN JONES, ASSISTANT
11    CHIEF OF POLICE; MARK
      PAWLINA, POLICE CAPTAIN;
12    JOSEPH BUYAK, POLICE
      CAPTAIN; NANCY McCLURE,
13    POLICE LIEUTENANT; MARK
      RUDEWICZ, POLICE SERGEANT;
14    STEPHEN MIELE, POLICE
      SERGEANT; PATRICK JOBES,
15    POLICE SERGEANT; and
      ROBERT RUSSELL, POLICE
16    OFFICER,                    :
17               Defendants.      :
18    ---------------------------x
19              Continued deposition of MICHAEL J.
20    FAGO, taken pursuant to Section 243, et seq. of the
21    Connecticut Practice Book, at the law offices of
22    Shipman & Goodwin, Hartford, Connecticut, before
23    Jacqueline McCauley, RPR/CSR, a Notary Public in and
24    for the State of Connecticut, on August 7, 2003, at
25    10:05 a.m.
```

Page 240

1 what I was trying to say, yes.
2     Q. Is it your claim that they should have
3 been included in this report?
4         MR. BREWER: Object to the form,
5 asked and answered.
6     A. Yes.
7     Q. Now, it would appear and I believe you
8 said before Mr. Brewer started representing you
9 sometime in early May, late April?
10     A. That may be correct, yes.
11     Q. Do you have any independent recollection
12 of that?
13     A. I don't. I believe it was before my
14 demotion.
15         (Defendant's Exhibit 16, marked for
16         identification.)
17         MR. BREWER: This a good time for a
18 break, Chuck?
19         MR. HOWARD: Sure. We just have
20 gotten started, but --
21         MR. BREWER: I knew that.
22         (Whereupon, there was a brief
23         recess.)
24         (Defendant's Exhibit 17, marked for
25         identification.)

Page 241

1     Q. I've handed you what's been marked as
2 Exhibit 16. You see that?
3     A. Yes.
4     Q. And it's actually three pages. There's
5 the front and back of the first page and then the
6 front of the second page. Do you see that?
7         MR. BREWER: Are you asking him to
8 authenticate this?
9     Q. No, no, no. Do you see what I'm referring
10 to?
11     A. No. Could you please repeat that?
12     Q. I said this exhibit essentially is three
13 pages. It's the front and the back of the first page
14 and then there's a second page; is that correct?
15     A. Yes.
16         MR. BREWER: Just so it's clear on
17 the record I object to this exhibit, because it's two
18 different documents so it should be separated. You
19 have two different documents here.
20         MR. HOWARD: I have it as one
21 exhibit and --
22         MR. BREWER: We can do a lot with a
23 copy machine, right, Chuck? So I object just so it's
24 clear on the record.
25         MR. HOWARD: That's fine.

Page 242

1         MR. BREWER: Excuse me. The second
2 page appears to be a different exhibit than the first
3 page, double sided page.
4     Q. Okay. The first page -- let's talk about
5 the exhibit generally. Did you receive an interim
6 evaluation for the period where it says in box number
7 six at the top of the page evaluation due date
8 2/22/02?
9     A. Did I receive this evaluation?
10     Q. No. Did you receive an interim evaluation
11 for that period? That's not with respect to this
12 exhibit. Did you receive one?
13     A. I believe that I received something for
14 this period the day I was demoted. That was the first
15 I had seen of an interim evaluation.
16     Q. So you didn't receive any -- after the
17 previous exhibit, Exhibit 13 for the December period,
18 the next evaluation you got was the evaluation you got
19 on the day of your demotion; is that correct?
20     A. It could be, but I'm not sure on that.
21     Q. Do you have any recollection of receiving
22 any evaluations between what has been marked as
23 Exhibit 13 and the day of your demotion?
24     A. I don't know.
25     Q. You have no recollection or you just don't

Page 243

1 know?
2     A. I don't know, because they really weren't
3 that important. I didn't take notice of these
4 evaluations. I may have seen the initial one. Maybe
5 there was another one, but I wasn't heightened to
6 these evaluations until I was demoted specifically
7 until I had seen a form that was changed.
8     Q. Now let's take a look at the first page of
9 Exhibit 16. On the front of that exhibit there is a
10 signature. At the bottom that appears to be your
11 signature. Is that your signature?
12     A. Yes.
13     Q. And on the front of the second page
14 there's a stamp that says COH303. Do you see that
15 kind of down right here?
16     A. Yes.
17     Q. And on that page that's your signature as
18 well?
19     A. Yes.
20     Q. Do you know when you signed either of
21 these forms?
22     A. Well, they appear to be the same form
23 except one appears just different.
24     Q. No, I understand that.
25         MR. BREWER: Let him finish his

FAGO v. CITY OF HARTFORD                                                                                           August 7, 2003

Page 244

1   answer.
2           MR. HOWARD: That's not my question.
3           MR. BREWER: Let him finish his
4   answer.
5           MR. HOWARD: Do you recall when you
6   signed --
7           MR. BREWER: No, wait a minute. No,
8   no, no, you wait a minute. You're not going to
9   interrupt him when he is in the middle of answering.
10          MR. HOWARD: We are going to get to
11  those issues.
12          MR. BREWER: No, no. We are going
13  to get to it when he answers it.
14          MR. HOWARD: No, no. We are going
15  to answer my questions.
16          MR. BREWER: When he is answering a
17  question, don't interrupt him. You can move to strike
18  it or do anything you want.
19          MR. HOWARD: I'll move to strike it.
20          MR. BREWER: Stop talking now and
21  let him answer.
22          MR. HOWARD: Please answer my
23  questions.
24          MR. BREWER: No. Wait a minute.
25  Stop. Would you go back please and repeat the

Page 245

1   question and then the partial answer that he gave?
2           MR. HOWARD: No. We are going to
3   start all over.
4           MR. BREWER: No. We are going to
5   stop if you don't knock it off.
6           MR. HOWARD: You can walk out if you
7   want to, but I am going to ask the questions.
8           MR. BREWER: Okay. Good-bye. Thank
9   you. We're done. We'll move for a protective order,
10  because you are committing a fraud and put this on the
11  record. These documents have been altered and you
12  know it.
13          MR. HOWARD: I am going to inquire
14  about all of the documents.
15          MR. BREWER: No, you are not
16  inquiring. You are committing a fraud. You are a
17  part of it, Chuck, so we are going to go for a
18  protective order so --
19          MR. HOWARD: On the record.
20          MR. BREWER: Excuse me, I am making
21  a record. You are trying to harass, annoy and
22  embarrass my client and I am not going to put up with
23  it. We're done.
24          MR. HOWARD: For the record,
25  Sergeant Fago, I am going to ask you about what you

Page 246

1   received and when. I'm asking you right now about
2   your signatures. Now --
3           MR. BREWER: No. You're all done.
4           MR. HOWARD: You can follow your
5   lawyer's instructions and walk out or not.
6           MR. BREWER: We'll take a break.
7   We'll talk about it.
8           MR. HOWARD: Are you leaving?
9           (Whereupon, there was a brief
10              recess.)
11          MR. BREWER: We'll send a motion
12  out --
13          MR. HOWARD: Okay.
14          MR. BREWER: -- under rule 30.
15          MR. HOWARD: For the record --
16          MR. BREWER: You can put anything on
17  the record.
18          MR. HOWARD: I am planning to
19  inquire about when these --
20          MR. BREWER: I know what you are
21  going to inquire. I am going to do inquiry about
22  records tampering here, because I want to know why
23  that wasn't produced to us in the initial part of the
24  discovery. That's why --
25          MR. HOWARD: All of this has been

Page 247

1   produced.
2           MR. BREWER: You have not produced
3   that other document.
4           MR. HOWARD: All of this has been
5   produced.
6           MR. BREWER: You have two documents
7   with the same signature on them, Chuck, that you've
8   marked as Exhibit 13, I'm sorry, 16 and one of them is
9   different than the other. We'll let the judge decide
10  what's going on here. Your clients and you are in
11  trouble, because that is a Federal offense.
12          (Whereupon, this deposition was
13              concluded at 11:06 a.m.)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL J. FAGO,<br>Plaintiff,<br><br>vs.<br><br>CITY OF HARTFORD; AND IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, BRUCE MARQUIS, CHIEF OF POLICE; KEVIN JONES, ASSISTANT CHIEF OF POLICE; MARK PAWLINA, POLICE CAPTAIN; JOSEPH BUYAK, POLICE CAPTAIN; NANCY MCCLURE, POLICE LIEUTENANT; MARK RUDEWICZ, POLICE SERGEANT; STEPHEN MIELE, POLICE SERGEANT; PATRICK JOBES, POLICE SERGEANT; and ROBERT RUSSELL, POLICE OFFICER,<br>Defendants. | CIVIL ACTION NO.<br>3:02-cv-1189 (AHN)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>October 21, 2003 |

## AFFIDAVIT OF GREGG P. GOUMAS

I, Gregg P. Goumas, state under oath as follows:

1.      I am an associate in the law firm of Shipman & Goodwin LLP and am co-counsel for the City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz and Steven Miele in this case.

2. I have prepared this affidavit in connection with the accompanying Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel and for Sanctions.

3. On August 29, 2003, plaintiff's counsel, James S. Brewer, called me at my office. We discussed both Attorney Brewer's interest in examining the City of Hartford Personnel Department's original personnel file for Mr. Fago, as well as the deposition of Elizabeth Dunn, a Personnel Department employee, noticed for September 19, 2003. During this conversation, I explained to Attorney Brewer that Ms. Dunn did not work on Fridays, including Friday, September 19, 2003; she followed a part-time schedule in which she worked on Tuesday, Wednesday, and Thursday.

4. In reply, Attorney Brewer stated that this was not a problem and that counsel would together get a new date for Ms. Dunn's deposition, or words to that effect.

5. This conversation followed my August 27, 2003 facsimile to Attorney Erin O'Neil, Mr. Fago's co-counsel, advising her that Ms. Dunn was unavailable on September 19, 2003 and asking that she contact me to identify an alternate date for Ms. Dunn's deposition. A copy of this facsimile is attached at Exhibit A.

Gregg P. Goumas

10

STATE OF CONNECTICUT      )
                          ) ss.
COUNTY OF HARTFORD        )

    Personally appeared Gregg P. Goumas, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me, this 21st day of October, 2003.

                                                _____
                                                Notary Public
                                                My Commission Expires: 9/3/08

355643 v.01 S2

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577



**Shipman & Goodwin LLP**
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax: (860) 251-5599
ggoumas@goodwin.com

August 27, 2003

VIA FAX ONLY

Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Ave.
West Hartford, CT 06119

Re: Fago v. City of Hartford, et al.

Dear Erin:

I received a copy this afternoon of plaintiff's subpoena to Elizabeth Dunn in the above matter. The subpoena purportedly requires her to produce on August 29 at your office, inter alia, "the "original personnel file pertaining to Michael Fago...." (emphasis in the original). Because Mr. Fago's personnel file is comprised of official city documents, Ms. Dunn will not be able to deliver the original file to your office. However, should you wish the City to make the original personnel file available to you for inspection at City Hall, I am certain that could be arranged. Further, the City could also make you copies of any documents from the original file. In the alternative, the City could simply provide you with a complete copy of Mr. Fago's personnel file. Please let me know how you wish to proceed.

In addition, please contact me so we can discuss another date for Ms. Dunn's deposition. She will not be at work on Friday, September 19th, as she only works on Tuesday, Wednesday and Thursday. Thank you for your cooperation with this matter.

Sincerely,

Gregg P. Goumas

cc: Elizabeth Dunn

Hartford            Stamford            Lakeville            Boston

# Fax Message



**Shipman & Goodwin** LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

| Date: | August 27, 2003 | Time: | 4:50 p.m. | Pages: | 2 |
|---|---|---|---|---|---|
| **From:** | Gregg P. Goumas | **Phone:** | (860) 251-5521 | **Fax:** | (860) 251-5599 |
| **cc:** | Elizabeth Dunn | | | **Fax:** | 722-8042 |
| **Subject:** | *Fago v. City of Hartford, et al.* | | | **Client/Matter:** | 26855-55 |

## PLEASE DELIVER THE FOLLOWING DOCUMENTS TO:

| NAME | FIRM/COMPANY | FAX NO. |
|---|---|---|
| Erin I. O'Neil, Esq. | Brewer & O'Neil, LLC | 233-4215 |

**MESSAGE:**

Please find my letter, which follow this cover.

---

**IF THIS TRANSMISSION IS NOT CLEARLY OR COMPLETELY RECEIVED, PLEASE CALL Leslie Ann Maraldi AT (860) 251-5510.**

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

✳ ✳ ✳  TRANSMISSION RESULT REPORT ( AUG. 27. 2003 4:45PM ) ✳ ✳ ✳

TTI

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|
| AUG. 27. | 4:44PM | Brewer Law | G3S | 0'48" | P. 2 | OK | | 7877 |

```
# :BATCH              C :CONFIDENTIAL      $ :TRANSFER         P :POLLING
M :MEMORY             L :SEND LATER        @ :FORWARDING       E :ECM
S :STANDARD           D :DETAIL            F :FINE             ) :REDUCTION
!$:REMOTE TRANSFER    B :FAX ON DEMAND     * :PC               % :PC DIRECT
```

\* \* \* TRANSMISSION RESULT REPORT ( AUG. 27. 2003  4:47PM ) \* \* \*

TTI

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|
| AUG. 27. | 4:46PM | 8607228042 | G3ES | 0'39" | P. 2 | OK | | 7878 |

```
#  : BATCH              C : CONFIDENTIAL      $ : TRANSFER        P : POLLING
M  : MEMORY             L : SEND LATER        @ : FORWARDING      E : ECM
S  : STANDARD           D : DETAIL            F : FINE            ) : REDUCTION
!✆: REMOTE TRANSFER     B : FAX ON DEMAND     * : PC              % : PC DIRECT
```