UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL FAGO,
    PLAINTIFF

v.      CIV. NO. 3:02cv1189 (AHN)

CITY OF HARTFORD, ET AL.,
    DEFENDANTS

## RULING

Pending before the court are seven discovery motions: defendant Marquis' objection to and motion to quash plaintiff's August 11, 2003 subpoena [doc. #37]; defendant Marquis' objection to and motion nunc pro tunc to quash plaintiff's July 30, 2003 and August 7, 2003 subpoenas [doc. #39]; City of Hartford defendant's objection to and motion nunc pro tunc to quash plaintiff's August 7 subpoena [doc. #40]; City of Hartford defendants' ("City defendants")[1] motion to compel plaintiff's deposition and for sanctions [doc. #50]; plaintiff's motion for protective order [doc. #54]; non-party Robert Carlson's objection to and motion to quash plaintiff's subpoena; [doc. #72]; City of Hartford defendant's objection to and motion to quash plaintiff's subpoena to non-party Robert Carlson's [doc. #73].

The court heard oral argument on these motions on December 16, 2003. At the hearing, the parties indicated they had reached an agreement on City of Hartford defendant's objection to and

---

[1] For the purposes of doc. ## 50, 54, and 73, "City defendants" refers to the City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz, and Steven Miele.

motion to quash August 7 subpoena [doc. #40]. Accordingly, defendants motion **[doc. #40] is denied as moot.**

I. <u>Defendant Marquis' objection to and motion to quash plaintiff's August 11, 2003 subpoena</u> [doc. #37]

Defendant Bruce Marquis, Hartford Chief of Police, moves to quash plaintiff's August 15, 2003 subpoena issued to him for the production, inspection, and copying of materials relating to the January 26, 2003 shooting of Elvin Gonzalez by Hartford Police Officer Murtha. Marquis contends that the subpoena is invalid because he did not receive prior notice, because it is unduly burdensome, and because the materials sought are irrelevant to plaintiff's discrimination and retaliation claim.[2] Defendant argues that the information is irrelevant because the shooting involved a citizen and an officer, neither of whom are parties to the lawsuit, and because the incident occurred in February and March of 2002, which is after the relevant time period alleged in plaintiff's complaint.

Under the Federal Rules, information is relevant if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff contends that the materials are relevant to his Equal Protection claim. The basis of this claim is that his demotion at the Hartford Police

---

[2] Since several months have elapsed since the subpoena was served, the notice issue is now moot. Because the court grants defendant's motion on relevance grounds, the court will not address the undue burden argument.

2

Department was improperly motivated by of plaintiff's race, which is Caucasian. Information relevant to this claim must therefore be reasonably calculated to lead to the discovery of admissible evidence establishing that a similarly situated officer was treated differently from the plaintiff on the basis of race. At oral argument, plaintiff's counsel conceded she was uncertain of the race of the officer involved in the shooting. Plaintiff has not alleged that this particular officer was similarly situated to the plaintiff and was not demoted because of his race. There is no other evidence that the incident had anything to do with the promotion or demotion of Hartford police officers on the basis of race.

At oral argument, plaintiff maintained that the allegations in this case are not narrowly focused, and that the information is relevant because he is seeking to establish a pattern that officers were disparately treated based on race throughout the department, not just in a probationary setting. Defendants argue that the plaintiff has not alleged this broader claim in the complaint nor in reply to the motion to quash, and therefore should not be permitted to do so now. The court agrees with defendants that the plaintiff's equal protection claim specifically alleges only that certain (white) officers within the department were demoted on the basis of race, and that information about the shooting of Mr. Gonzalez is not nor likely to be relevant to this claim. Accordingly, defendants' motion to quash the subpoena **[doc #37]** is **granted.**

3

II. <u>Defendant Marquis' objection to and motion to quash nunc pro tunc July 30, 2003 and August 7, 2003 subpoenas</u> [doc. #39]

Defendant Marquis moves to quash the subpoenas of materials concerning a June 11, 2003 call for service involving Officer Robert Rudewicz on the grounds that the subpoenas were improperly served, are unduly burdensome, and are irrelevant to the plaintiff's discrimination and retaliation claims.[3] Defendants argue that the information is irrelevant because the calls occurred in the year following the time period relevant to plaintiff's complaint and involved an incident concerning Robert Rudewicz, who is not a party to this lawsuit.[4]

Plaintiff asserts once again that this material is relevant to plaintiff's discrimination claim because it will show how the Hartford Police Department addresses issues involving its officers and staff. As discussed above, plaintiff's claim specifically alleges that the plaintiff was demoted because of his race. Plaintiff has not demonstrated how the information concerning a call for service by Rudewicz, who is white like plaintiff, is reasonably calculated to lead to admissible evidence concerning a racial discrimination claim with respect to plaintiff's demotion. Accordingly, defendant's motion to quash

---

[3]At oral argument, the parties agreed that the issue with regard to the August 7, 2003 subpoena is now moot as a result of defendant's compliance.

[4]Mark Rudewicz, Robert Rudewicz's cousin, is a party to the lawsuit.

4

**[doc #39]** is **granted** with respect to the July 30, 2003 subpoena. With the agreement of the parties, defendant's motion **[doc #39]** is **denied as moot** with respect to the August 7, 2003 subpoena.

III. <u>Defendant's motion to compel plaintiff's deposition and for sanctions</u> [doc. #50], and <u>plaintiff's motion for protective order</u> [doc. #54]

These motions address the events surrounding the termination of the August 7, 2003 continued deposition of the plaintiff, Michael Fago, by his counsel, Attorney James Brewer, and will be discussed jointly. At the deposition, City defendants' counsel, Attorney Charles Howard, provided Mr. Fago with two versions of a completed job performance evaluation which were clipped together and labeled as one exhibit, "Exhibit 16". See Def. Mem. [doc #51] Ex. 2. The performance evaluation form has two boxes - the top box, if marked, indicates a satisfactory performance, and the bottom box, if marked, indicates that the employee's performance needs improvement. The two pages of the evaluation form marked as Exhibit 16 appear to be identical in all respects, except that one form has "X" marks through both boxes, while the second form has "X" marks in both boxes, but the "X" mark in the satisfactory box is scratched out, and the initials "M.P." are written next to the "X" in the needs improvement box.

Plaintiff's counsel claims that at Mr. Fago's deposition, Attorney Howard presented these different versions of the form as

5

one exhibit in an attempt to mislead and harass Mr. Fago, and that plaintiff's counsel ended the deposition as a means of protecting him.  Plaintiff moves for a protective order to prevent the continued deposition of the plaintiff by the City defendants until after plaintiff has deposed Elizabeth Dunn, the City of Hartford's Record Keeper in charge of personnel files. Plaintiff claims this is necessary to understand how documents become a part of personnel files, and thus to help understand the existence of two versions of the evaluation in the file.

City defendants move to compel the continued deposition of Mr. Fago on the basis that there is no evidence that the deposition was conducted in a harassing or misleading manner. City defendants move for sanctions against plaintiff's counsel, Attorney Brewer, for his argumentative and disruptive conduct at the deposition, for improperly and unilaterally ending the deposition, and for failing to seek a timely protective order when he claimed he would do so.

Based upon the deposition transcript, the court finds absolutely no evidence that defendants conducted the deposition of Mr. Fago in a harassing or confusing manner. The court finds that Attorney Brewer improperly ended the deposition and should be sanctioned for his conduct.  The deposition transcript shows that Attorney Brewer behaved in an argumentative manner, and went so far as to accuse Attorney Howard of fraud in tampering with the documents. See Def. Mem. [doc #51] at p. 13-14. If plaintiff's counsel had a problem with the exhibits or questions

6

posed to his client, the appropriate way to address the issue was not to berate opposing counsel on the record. Rather, plaintiff's counsel should have objected to the questions on the record, provided any basis for his belief that the questions or documents were presented in bad faith, and then attempted to resolve the issues, off the record if necessary.

At the hearing, plaintiff's counsel indicated that both versions of the evaluation were provided to them in discovery prior to Mr. Fago's deposition. There is no reason the existence of these documents should have come as a surprise to plaintiff. A cursory inspection of the documents at oral argument established that the evaluation forms are routinely filled out in triplicate. This suggests an obvious and a far more reasonable explanation of the existence of two documents almost identical in every respect in plaintiff's personnel file rather than fraud committed by Mr. Howard, who is a lawyer of unquestionable integrity and a highly respected member of the bar of this court.

Finally, plaintiff's counsel did not timely file a motion for a protective order to prevent Mr. Fago's continued deposition. Rather, the record indicates that plaintiff did not seek a protective order until October 9, 2003, almost two months after the incident, and after the instant motion to compel had already been filed.

For the reasons stated above, plaintiff's motion for protective order **[doc #54]** is **denied.** Defendants' motion to compel and for sanctions **[doc #50]** is **granted** as follows.

The City defendants' continued deposition of Mr. Fago shall be completed on or before Friday, January 9, 2004 in order to allow adequate time to complete the rest of the depositions in this case. The deposition of Ms. Dunn may be scheduled for the same day; however, Mr. Fago's deposition shall be completed first. At oral argument, Attorney Jennifer Dixon, counsel for several individual defendants in this case, requested the opportunity to depose Mr. Fago. This request is granted. Ms. Dixon may depose Mr. Fago after City defendants have completed their deposition of plaintiff.

In order to give counsel adequate time to complete the depositions pursuant to this ruling, the deadline for completing discovery is extended until January 31, 2004. The deadline for filing dispositive motions is extended until March 1, 2004.

The court does not hold Mr. Fago responsible for Attorney Brewer's conduct, and therefore awards sanctions only against Attorney Brewer for the cost of the continued deposition and the cost of filing the motion to compel. Sanctions will not be granted for the cost of attending the hearing, as oral argument on defendants' other motions was also heard. At the conclusion of the deposition, defendants will provide Mr. Brewer with a statement of fees and costs. If Mr. Brewer does not dispute this amount, payment shall be made within ten (10) days of receipt of the statement. If Mr. Brewer objects to the amount, he should file a motion for review within ten (10) days of the receipt of the statement.

The court takes this opportunity to note that significant delay and expense to both parties have resulted from the inability of counsel to cooperate in this case. The parties are strongly encouraged to endeavor to cooperate for the duration of this lawsuit. In lieu of filing motions, counsel are urged to contact the court via telephone to discuss any further discovery issues that may arise.

IV. <u>Non-party Robert Carlson's objection to and motion to quash subpoena</u> [doc. #72]; <u>defendants' objection to and motion to quash non-party Robert Carlson's subpoena</u> [doc. #73]

These motions address the same subpoena and will be addressed jointly. Hartford Police Captain Robert Carlson and City defendants object to and move to quash plaintiff's November 29, 2003 subpoena of Carlson for a deposition on December 4, 2003. The subpoena also ordered Carlson to produce "all documents, files and records regarding the above case, and all documents, files, and records relating to Michael Fago". Carlson and City defendants argue that the subpoena is invalid because it did not quote the appropriate text of Federal Rule 45, and was unsigned. Defendants object because Carlson did not receive adequate notice or a reasonable time for compliance. Finally, defendants move to quash on equitable grounds, arguing that the plaintiff's counsel should not be permitted to terminate the deposition of Mr. Fago while being permitted to conduct Carlson's deposition.

The court finds no reason to quash an otherwise valid

9

subpoena because it is unsigned and does not cite the portions of a Federal Rule. To do so would be an elevation of form over substance. The notice issue is now moot since several weeks have elapsed since the subpoena was served. In light of the above ruling granting defendants' motion to compel Mr. Fago's continued deposition, the court finds no basis to preclude the deposition of Carlson and the production of the requested documents. Accordingly, Carlson's motion to quash **[doc #72]** and City defendants' motion to quash **[doc #73]** are **denied**. The deposition of Robert Carlson shall be conducted after Mr. Fago's deposition by the City of Hartford defendants, and before January 31, 2004.

V.   Conclusion

For the reasons discussed herein, defendant Marquis' objection to and motion to quash plaintiff's August 11, 2003 subpoena **[doc. #37]** is **granted**.

For the reasons discussed herein, defendant Marquis' objection to and motion to quash **[doc. #39]** is **granted** with respect to the July 30, 2003 subpoena, and **denied as moot** with respect to the August 7, 2003 subpoena.

With the agreement of the parties, City of Hartford defendant's objection to and motion to quash plaintiff's August 7, 2004 subpoena **[doc. #40]** is **denied as moot**.

For the reasons discussed herein, City defendants' motion to compel plaintiff's deposition and for sanctions **[doc. #50]** is **granted**; and plaintiff's motion for protective order **[doc. #54]**

is **denied**.

For the reasons discussed herein, non-party Robert Carlson's objection to and motion to quash subpoena **[doc. #72]** is **denied**, and City defendants' objection to and motion to quash non-party Robert Carlson's subpoena **[doc. #73]** is **denied**.

The discovery deadline is extended to January 31, 2004. The deadline for filing dispositive motions is extended until March 1, 2004.

In lieu of filing motions, the parties are strongly encouraged to contact the court via telephone should additional discovery issues arise in this case.

SO ORDERED at Bridgeport this 29 day of December 2003.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE