FILED

2004 MAR -2 P 12: 24

US DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-CV-1189 (AHN) (HBF) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, et al. | : | |
| Defendants. | : | March 1, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO SUBMIT MOTION FOR REVIEW OF DEFENDANTS' ATTORNEY'S FEES *NUNC PRO TUNC*

The defendants, City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz and Stephen Miele, submit this Memorandum in Opposition to plaintiff counsel's untimely Motion for Extension of Time to Submit Motion for Review of Defendants' Attorney's Fees, dated February 23, 2004.

### I.    FACTUAL BACKGROUND

On September 17, 2003, defendants City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz and Stephen Miele, through counsel, filed a seventeen (17) page motion to compel the continuation of plaintiff's deposition and for sanctions against plaintiff's attorney [doc. #50], James S. Brewer, due to Attorney's Brewer inappropriate behavior during the first session plaintiff's deposition. Thereafter, on or about

October 9, 2004, plaintiff filed a motion for protective order seeking to prevent the

continuation of his deposition.  Defendants filed a memorandum in opposition to plaintiff's

motion for protective order on or about October 21, 2003.  Following notice and oral

argument, on December 31, 2003, the Court (Fitzsimmons, U.S.M.J) granted the defendants'

motion to compel and for sanctions against Attorney Brewer.  See Tab 1 – Order by the

Honorable Holly B. Fitzsimmons, dated December 31, 2003 (the "December 31 Order").

> The December 31 Order provided in relevant part:

> The court does not hold Mr. Fago responsible for Attorney Brewer's conduct, and
> therefore awards sanctions only against Attorney Brewer for the cost of the continued
> deposition and the cost of filing the motion to compel.  Sanctions will not be granted
> for the cost of attending the hearing, as oral argument on defendants' other motions
> was also heard.  At the conclusion of the deposition, defendants will provide Mr.
> Brewer with a statement of fees and costs.  If Mr. Brewer objects to the amount, he
> should file a motion for review within ten (10) days of the receipt of the statement.

December 31 Order at 8.  Neither plaintiff nor Attorney Brewer objected to the December 31

Order in accordance with the provisions of Fed. R. Civ. P. 72.

Charles Howard, counsel of record for the above referenced defendants completed his

examination of Sergeant Fago on January 22, 2004, and Attorney Joseph McQaude, counsel

for defendants Patrick Jobes, Nancy McClure and Robert Russell, completed his cross-

examination on February 4, 2004.  In accordance with the December 31 Order, on January

2

30, 2004, Attorney Howard sent Attorney Brewer a bill, by both telecopier and regular mail,

for the cost of plaintiff's continued deposition and the cost of filing the motion to compel.

See Tab 2 – January 30, 2004 Letter from Charles L. Howard (the "January 30 Letter").

Attorney Brewer did not file an objection (or pay the bill) within the (ten day) period

provided for in the December 31 Order.  As a result, on February 18, 2004, Attorney

Howard sent Attorney Brewer a second letter, by both telecopier and regular mail, asking

that he make payment by no later than February 25, or the defendants would file a motion for

Contempt and for sanctions.  See Tab 3 – February 18, 2004 Letter from Charles L. Howard

(the "February 18 Letter").

On or about February 25, 2004, Attorney O'Neil filed the instant motion on behalf of

Attorney Brewer seeking an extension of time *nunc pro tunc* to file an objection to the

defendants' bill for fees.[1]  As grounds for the requested extension of time, Attorney O'Neil

writes, without a supporting Affidavit from either herself or Attorney Brewer, that "the

---

[1] Although the date on plaintiff's motion is February 23, 2004, the Certification of Service attached
thereto indicates that it was mailed on February 24.

3

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

deadline to object to the amount of costs was improperly diaried and it was not until [she]

received a letter from Attorney Howard on February 19, 2004, that [she] was aware of the

error."

II.    ARGUMENT

    A.    Attorney Brewer's Request for an Extension of Time to File His Motion for
Review of Defendants' Bill for Attorneys' Fees Should be Denied.

In support of the motion, Attorney O'Neil writes that the deadline for filing an

objection to the bill for fees was "improperly diaried." However, she has not provided an

affidavit from either herself or Attorney Brewer to substantiate this alleged oversight.

Attorney Howard's January 30, 2004 letter to Attorney Brewer enclosing the bill for fees

specifically referred to the December 31 Order: "I assume you will comply with the court's

order regarding payment of or objection to this bill." See Tab 2. If there was any confusion

as to when Attorney Brewer's objection was due, he should have consulted the Court's order.

Plaintiff has not demonstrated good cause sufficient to justify an extension of time.

While Attorney O'Neil may have received the January 30 letter on February 3, it was

faxed directly to Attorney Brewer on January 30. Similarly, while Attorney O'Neil states

that she did not receive Attorney Howard's February 18 Letter until February 19, it was

faxed directly to Attorney Brewer on February 18. It took plaintiff's counsel an additional

4

six-to-seven days after learning that the date to object to defendants' fee request had passed to file his scant, two-page memorandum. Attorney Brewer's motion papers contain no explanation for the delay. Moreover, prior to filing the motion, plaintiff's counsel did not consult with defendants' counsel as required by Rule 7(b) of the Local Rules of Civil Procedure to determine whether defendants took a position on such motion. For these reasons, plaintiff's motion for extension of time should be denied.

B.    Defendants' Fee Request Should Not be Disturbed.

First, Attorney Brewer argues that he should not be required to pay the .9 hours spent on coordinating plaintiff's deposition. He states that the letter was not "part of the filing of the motion to compel." Plaintiff is incorrect. The letter reflects two charges on September 2, totaling .6 of an hour, relating to correspondence to Attorney Brewer relating to plaintiff's deposition. Under Rule 37 of the Federal Rules of Civil Procedure, counsel is required to confer in good faith prior to filing a motion to compel. The September 2nd letter was attached at Tab A to Attorney Howard's affidavit as part of defendants' motion to compel. It is clearly an important part of defendants' motion to compel. Similarly, the .3 hours spent by Attorney Howard on September 5 attempting to coordinate dates for plaintiff's deposition was time spent in an attempt to avoid the need to file defendants' motion to compel.

5

Without providing any support for his position, Attorney Brewer also argues in a conclusory fashion that the time spent by defense counsel on various tasks was unreasonable, and seeks to have the Court reduce the allowable time to some arbitrary figure proposed by him. However, the time claimed by defense counsel on such tasks was entirely reasonable. Attorney Brewer requests that the 13.1 hours spent on drafting the Motion to Compel be reduced to 5 hours. The motion to compel is seventeen pages in length, contains significant research, extensive references to deposition testimony and attached affidavits. In light of the work product produced, the time claimed by defense counsel is certainly reasonable. In fact, the fees and costs claimed by the defendants could have been significantly higher. As reflected on their bill, defense counsel discounted their fees by not charging Attorney Brewer for 3.7 hours spent by Attorney Goumas reviewing and revising the motion to compel. Further, although the December 31 Order awarded defendants their fees associated with the continuation of plaintiff's deposition, defendants only sought fees in connection with the January 22nd session of the continued deposition, and did not charge plaintiff for the continuation on February 4. Similarly, defendants did not charge plaintiff for the cost of the court reporter or the transcript, although they were entitled to do so pursuant to the December 31 Order.

6

Attorney Brewer also asks the Court to reduce the time spent replying to plaintiff's opposition to the motion to compel from 4.3 hours to 2.0 hours.  Defendants' reply memorandum is five pages in length, contains additional research, a point by point analysis of plaintiff's opposition papers, along with an additional affidavit. The time defendants' counsel claim in connection with the reply memorandum is not unreasonable.[2]

---

[2] It should also be noted that defendants did not charge plaintiff for the fees incurred in connection with the filing of their October 21, 2003 memorandum in opposition to plaintiff's October 9 motion for protective order, which plaintiff filed in response to defendants' motion to compel and for sanctions.

7

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### III.    CONCLUSION

For all the foregoing reasons, Attorney Brewer's motion should be denied and defendants awarded their fees as claimed.

DEFENDANTS,
CITY OF HARTFORD,
BRUCE MARQUIS, KEVIN JONES,
MARK PAWLINA, JOSEPH BUYAK, MARK
RUDEWICZ, AND STEPHEN MIELE

By: _____
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5599

8

Exh 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL FAGO,                    :
            PLAINTIFF            :
                                 :                2003 DEC 31  P 1:49
v.                               :   CIV. NO. 3:02cv1189 (AHN)
                                 :
CITY OF HARTFORD, ET AL.,        :
            DEFENDANTS           :

## RULING

Pending before the court are seven discovery motions:
defendant Marquis' objection to and motion to quash plaintiff's
August 11, 2003 subpoena [doc. #37]; defendant Marquis' objection
to and motion nunc pro tunc to quash plaintiff's July 30, 2003
and August 7, 2003 subpoenas [doc. #39]; City of Hartford
defendant's objection to and motion nunc pro tunc to quash
plaintiff's August 7 subpoena [doc. #40]; City of Hartford
defendants' ("City defendants")[1] motion to compel plaintiff's
deposition and for sanctions [doc. #50]; plaintiff's motion for
protective order [doc. #54]; non-party Robert Carlson's objection
to and motion to quash plaintiff's subpoena; [doc. #72]; City of
Hartford defendant's objection to and motion to quash plaintiff's
subpoena to non-party Robert Carlson's [doc. #73].

The court heard oral argument on these motions on December
16, 2003.  At the hearing, the parties indicated they had reached
an agreement on City of Hartford defendant's objection to and

---

[1]For the purposes of doc. ## 50, 54, and 73, "City
defendants" refers to the City of Hartford, Bruce Marquis, Kevin
Jones. Mark Pawlina, Joseph Buyak, Mark Rudewicz, and Steven
Miele.

motion to quash August 7 subpoena [doc. #40].  Accordingly, defendants motion **[doc. #40] is denied as moot.**

I.    Defendant Marquis' objection to and motion to quash
      plaintiff's August 11, 2003 subpoena [doc. #37]

Defendant Bruce Marquis, Hartford Chief of Police, moves to quash plaintiff's August 15, 2003 subpoena issued to him for the production, inspection, and copying of materials relating to the January 26, 2003 shooting of Elvin Gonzalez by Hartford Police Officer Murtha.  Marquis contends that the subpoena is invalid because he did not receive prior notice, because it is unduly burdensome, and because the materials sought are irrelevant to plaintiff's discrimination and retaliation claim.[2]  Defendant argues that the information is irrelevant because the shooting involved a citizen and an officer, neither of whom are parties to the lawsuit, and because the incident occurred in February and March of 2002, which is after the relevant time period alleged in plaintiff's complaint.

Under the Federal Rules, information is relevant if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff contends that the materials are relevant to his Equal Protection claim.  The basis of this claim is that his demotion at the Hartford Police

_____

[2] Since several months have elapsed since the subpoena was served, the notice issue is now moot.  Because the court grants defendant's motion on relevance grounds, the court will not address the undue burden argument.

2

Department was improperly motivated by of plaintiff's race, which is Caucasian. Information relevant to this claim must therefore be reasonably calculated to lead to the discovery of admissible evidence establishing that a similarly situated officer was treated differently from the plaintiff on the basis of race.   At oral argument, plaintiff's counsel conceded she was uncertain of the race of the officer involved in the shooting.   Plaintiff has not alleged that this particular officer was similarly situated to the plaintiff and was not demoted because of his race. There is no other evidence that the incident had anything to do with the promotion or demotion of Hartford police officers on the basis of race.

At oral argument, plaintiff maintained that the allegations in this case are not narrowly focused, and that the information is relevant because he is seeking to establish a pattern that officers were disparately treated based on race throughout the department, not just in a probationary setting. Defendants argue that the plaintiff has not alleged this broader claim in the complaint nor in reply to the motion to quash, and therefore should not be permitted to do so now.   The court agrees with defendants that the plaintiff's equal protection claim specifically alleges only that certain (white) officers within the department were demoted on the basis of race, and that information about the shooting of Mr. Gonzalez is not nor likely to be relevant to this claim.   Accordingly, defendants' motion to quash the subpoena **[doc #37] is granted.**

II.  Defendant Marquis' objection to and motion to quash nunc pro
     tunc July 30, 2003 and August 7, 2003 subpoenas [doc. #39]

Defendant Marquis moves to quash the subpoenas of materials

concerning a June 11, 2003 call for service involving Officer

Robert Rudewicz on the grounds that the subpoenas were improperly

served, are unduly burdensome, and are irrelevant to the

plaintiff's discrimination and retaliation claims.[3]  Defendants

argue that the information is irrelevant because the calls

occurred in the year following the time period relevant to

plaintiff's complaint and involved an incident concerning Robert

Rudewicz, who is not a party to this lawsuit.[4]

    Plaintiff asserts once again that this material is relevant

to plaintiff's discrimination claim because it will show how the

Hartford Police Department addresses issues involving its

officers and staff. As discussed above, plaintiff's claim

specifically alleges that the plaintiff was demoted because of

his race.  Plaintiff has not demonstrated how the information

concerning a call for service by Rudewicz, who is white like

plaintiff, is reasonably calculated to lead to admissible

evidence concerning a racial discrimination claim with respect to

plaintiff's demotion.  Accordingly, defendant's motion to quash

_____

[3]At oral argument, the parties agreed that the issue with
regard to the August 7, 2003 subpoena is now moot as a result of
defendant's compliance.

[4]Mark Rudewicz, Robert Rudewicz's cousin, is a party to the
lawsuit.

4

[doc #39] is **granted** with respect to the July 30, 2003 subpoena.

With the agreement of the parties, defendant's motion [doc #39]
is **denied as moot** with respect to the August 7, 2003 subpoena.

III. <u>Defendant's motion to compel plaintiff's deposition and for
     sanctions</u> [doc. #50], and <u>plaintiff's motion for protective
     order</u> [doc. #54]

These motions address the events surrounding the termination
of the August 7, 2003 continued deposition of the plaintiff,
Michael Fago, by his counsel, Attorney James Brewer, and will be
discussed jointly.  At the deposition, City defendants' counsel,
Attorney Charles Howard, provided Mr. Fago with two versions of a
completed job performance evaluation which were clipped together
and labeled as one exhibit, "Exhibit 16".  <u>See</u> Def. Mem. [doc #51]
Ex. 2.  The performance evaluation form has two boxes - the top
box, if marked, indicates a satisfactory performance, and the
bottom box, if marked, indicates that the employee's performance
needs improvement.  The two pages of the evaluation form marked
as Exhibit 16 appear to be identical in all respects, except that
one form has "X" marks through both boxes, while the second form
has "X" marks in both boxes, but the "X" mark in the satisfactory
box is scratched out, and the initials "M.P." are written next to
the "X" in the needs improvement box.

Plaintiff's counsel claims that at Mr. Fago's deposition,
Attorney Howard presented these different versions of the form as

5

one exhibit in an attempt to mislead and harass Mr. Fago, and
that plaintiff's counsel ended the deposition as a means of
protecting him.  Plaintiff moves for a protective order to
prevent the continued deposition of the plaintiff by the City
defendants until after plaintiff has deposed Elizabeth Dunn, the
City of Hartford's Record Keeper in charge of personnel files.
Plaintiff claims this is necessary to understand how documents
become a part of personnel files, and thus to help understand the
existence of two versions of the evaluation in the file.

City defendants move to compel the continued deposition of
Mr. Fago on the basis that there is no evidence that the
deposition was conducted in a harassing or misleading manner.
City defendants move for sanctions against plaintiff's counsel,
Attorney Brewer, for his argumentative and disruptive conduct at
the deposition, for improperly and unilaterally ending the
deposition, and for failing to seek a timely protective order
when he claimed he would do so.

Based upon the deposition transcript, the court finds
absolutely no evidence that defendants conducted the deposition
of Mr. Fago in a harassing or confusing manner. The court finds
that Attorney Brewer improperly ended the deposition and should
be sanctioned for his conduct.  The deposition transcript shows
that Attorney Brewer behaved in an argumentative manner, and went
so far as to accuse Attorney Howard of fraud in tampering with
the documents. See Def. Mem. [doc #51] at p. 13-14. If
plaintiff's counsel had a problem with the exhibits or questions

6

posed to his client, the appropriate way to address the issue was not to berate opposing counsel on the record. Rather, plaintiff's counsel should have objected to the questions on the record, provided any basis for his belief that the questions or documents were presented in bad faith, and then attempted to resolve the issues, off the record if necessary.

At the hearing, plaintiff's counsel indicated that both versions of the evaluation were provided to them in discovery prior to Mr. Fago's deposition. There is no reason the existence of these documents should have come as a surprise to plaintiff. A cursory inspection of the documents at oral argument established that the evaluation forms are routinely filled out in triplicate. This suggests an obvious and a far more reasonable explanation of the existence of two documents almost identical in every respect in plaintiff's personnel file rather than fraud committed by Mr. Howard, who is a lawyer of unquestionable integrity and a highly respected member of the bar of this court.

Finally, plaintiff's counsel did not timely file a motion for a protective order to prevent Mr. Fago's continued deposition. Rather, the record indicates that plaintiff did not seek a protective order until October 9, 2003, almost two months after the incident, and after the instant motion to compel had already been filed.

For the reasons stated above, plaintiff's motion for protective order [doc #54] is **denied**. Defendants' motion to compel and for sanctions [doc #50] is **granted** as follows.

The City defendants' continued deposition of Mr. Fago shall be completed on or before Friday, January 9, 2004 in order to allow adequate time to complete the rest of the depositions in this case. The deposition of Ms. Dunn may be scheduled for the same day; however, Mr. Fago's deposition shall be completed first. At oral argument, Attorney Jennifer Dixon, counsel for several individual defendants in this case, requested the opportunity to depose Mr. Fago. This request is granted. Ms. Dixon may depose Mr. Fago after City defendants have completed their deposition of plaintiff.

In order to give counsel adequate time to complete the depositions pursuant to this ruling, the deadline for completing discovery is extended until January 31, 2004. The deadline for filing dispositive motions is extended until March 1, 2004.

The court does not hold Mr. Fago responsible for Attorney Brewer's conduct, and therefore awards sanctions only against Attorney Brewer for the cost of the continued deposition and the cost of filing the motion to compel. Sanctions will not be granted for the cost of attending the hearing, as oral argument on defendants' other motions was also heard. At the conclusion of the deposition, defendants will provide Mr. Brewer with a statement of fees and costs. If Mr. Brewer does not dispute this amount, payment shall be made within ten (10) days of receipt of the statement. If Mr. Brewer objects to the amount, he should file a motion for review within ten (10) days of the receipt of the statement.

The court takes this opportunity to note that significant delay and expense to both parties have resulted from the inability of counsel to cooperate in this case. The parties are strongly encouraged to endeavor to cooperate for the duration of this lawsuit. In lieu of filing motions, counsel are urged to contact the court via telephone to discuss any further discovery issues that may arise.

IV.  **Non-party Robert Carlson's objection to and motion to quash subpoena** [doc. #72]; **defendants' objection to and motion to quash non-party Robert Carlson's subpoena** [doc. #73]

These motions address the same subpoena and will be addressed jointly. Hartford Police Captain Robert Carlson and City defendants object to and move to quash plaintiff's November 29, 2003 subpoena of Carlson for a deposition on December 4, 2003. The subpoena also ordered Carlson to produce "all documents, files and records regarding the above case, and all documents, files, and records relating to Michael Fago". Carlson and City defendants argue that the subpoena is invalid because it did not quote the appropriate text of Federal Rule 45, and was unsigned. Defendants object because Carlson did not receive adequate notice or a reasonable time for compliance. Finally, defendants move to quash on equitable grounds, arguing that the plaintiff's counsel should not be permitted to terminate the deposition of Mr. Fago while being permitted to conduct Carlson's deposition.

The court finds no reason to quash an otherwise valid

subpoena because it is unsigned and does not cite the portions of
a Federal Rule.  To do so would be an elevation of form over
substance.  The notice issue is now moot since several weeks have
elapsed since the subpoena was served. In light of the above
ruling granting defendants' motion to compel Mr. Fago's continued
deposition, the court finds no basis to preclude the deposition
of Carlson and the production of the requested documents.
Accordingly, Carlson's motion to quash **[doc #72]** and City
defendants' motion to quash **[doc #73]** are **denied**.  The deposition
of Robert Carlson shall be conducted after Mr. Fago's deposition
by the City of Hartford defendants, and before January 31, 2004.


V.    <u>Conclusion</u>

       For the reasons discussed herein, defendant Marquis'
objection to and motion to quash plaintiff's August 11, 2003
subpoena **[doc. #37]** is **granted**.

       For the reasons discussed herein, defendant Marquis'
objection to and motion to quash **[doc. #39]** is **granted** with
respect to the July 30, 2003 subpoena, and **denied as moot** with
respect to the August 7, 2003 subpoena.

       With the agreement of the parties, City of Hartford
defendant's objection to and motion to quash plaintiff's August
7, 2004 subpoena **[doc. #40]** is **denied as moot**.

       For the reasons discussed herein, City defendants' motion to
compel plaintiff's deposition and for sanctions **[doc. #50]** is
**granted**; and plaintiff's motion for protective order **[doc. #54]**

is **denied**.

For the reasons discussed herein, non-party Robert Carlson's objection to and motion to quash subpoena **[doc. #72]** is **denied**, and City defendants' objection to and motion to quash non-party Robert Carlson's subpoena **[doc. #73]** is **denied**.

The discovery deadline is extended to January 31, 2004.  The deadline for filing dispositive motions is extended until March 1, 2004.

In lieu of filing motions, the parties are strongly encouraged to contact the court via telephone should additional discovery issues arise in this case.

SO ORDERED at Bridgeport this ⟨29⟩ day of December 2003.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

11

Exh 2



# Shipman & Goodwin LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut  06103-2819
Phone: (860) 251-5000

Charles L. Howard
Phone: (860) 251-5616
Fax: (860) 251-5699
choward@goodwin.com

January 30, 2004

TELEFAX AND
FIRST CLASS MAIL

James S. Brewer, Esquire
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

RE:    Michael J. Fago v. City of Hartford, et al
        United States District Court, Case No. 3:02CV1189(AHN)

Dear Jim:

As the judge ordered in her Opinion dated December 29, 2003, I am forwarding to you the bill for our expenses in connection with the motion to compel relating to the interruption of the plaintiff's deposition on August 7, 2003.

While the deposition has not yet been concluded because Joe McQuade has not finished his examination, I am forwarding the bill to you at this time, since I will not include any additional time for the deposition. Please note that I have also reflected no charge for the some of the time that we, in fact, did spend on preparing the motion to compel.

I assume you will comply with the court's order regarding payment of or objection to this bill.

I would like to follow up on a few additional matters that arose in the course of the continuation of Mr. Fago's deposition on January 22. First, we would like to inspect the yellow copy of the last interim and final evaluations given to Sergeant Fago. Please have these available when Sergeant Fago's deposition resumes on February 4.

James S. Brewer, Esquire
January 30, 2004
Page Two

     Second, in the course of Mr. Fago's deposition on January 22, I inquired about a continuation of his diary.  Please respond as to whether you are claiming that it is privileged, and furnish an appropriate privilege log or produce such document if it exists.  Similarly, we have reviewed our records, and we have no copy of a letter to the Mayor to which he referred.  If there was such a letter, please produce that document.

          Very truly yours,

          Charles L. Howard

CLH:trb
Enclosure
cc: Joseph W. McQuade, Esquire

361736 v.01

# Shipman & Goodwin LLP
### COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Charles L. Howard
Phone: (860) 251-5616
Fax: (860) 251-5699
choward@goodwin.com

January 30, 2004

## Michael J. Fago v. City of Hartford, et al
### United States District Court, Case No. 3:02CV1189(AHN)

## BILL FOR COSTS PURSUANT TO RULING OF JUDGE FITZSIMMONS DATED DECEMBER 29, 2003 RELATING TO INTERRUPTION OF MICHAEL FAGO DEPOSITION

### Hourly Rates

| | |
|---|---|
| C. Howard | 210.00 |
| G. Goumas | 160.00 |
| D. Mogck | 125.00 |

| Date | Attorney | Time | Amount | Description |
|---|---|---|---|---|
| 09/02/03 | D. Mogck | 0.3 | 37.50 | Draft letter to J. Brewer regarding M. Fago deposition |
| 09/02/03 | D. Mogck | 0.1 | 12.50 | Prepare certification for C. Howard supplemental affidavit |
| 09/02/03 | D. Mogck | 1.0 | 125.00 | Begin drafting motion to compel plaintiff's deposition |
| 09/02/03 | C. Howard | 0.3 | 63.00 | Review and revise letter to J. Brewer regarding M. Fago deposition |
| 09/03/03 | D. Mogck | 0.3 | 37.50 | Draft C. Howard affidavit supporting defendants' motion to compel plaintiff's deposition |

363264 v.01

Hartford                Stamford                Lakeville                Greenwich

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 09/03/03 | D. Mogck | 4.9 | 612.50 | Review relevant pleadings, review applicable legal authority regarding discovery sanctions for failure to file threatened motion for protective order and draft motion and accompanying memorandum regarding compelling M. Fago's deposition and for sanctions |
| 09/05/03 | D. Mogck | 2.5 | 312.50 | Finalize motion to compel plaintiff's deposition |
| 09/05/03 | D. Mogck | 0.4 | 50.00 | Collect exhibits and review same for material to include in motion to compel plaintiff's deposition |
| 09/05/03 | C. Howard | 0.3 | 63.00 | Coordination of dates for continuation of M. Fago deposition |
| 09/08/03 | G. Goumas | 0.4 | 0.00 | Review and revise motion to compel plaintiff's deposition and for sanctions **(no charge)** |
| 09/09/03 | G. Goumas | 0.9 | 0.00 | Review and revise motion to compel plaintiff's deposition **(no charge)** |
| 09/16/03 | G. Goumas | 1.9 | 0.00 | Continue revising motion to compel **(no charge)** |
| 09/17/03 | C. Howard | 0.9 | 189.00 | Review and revise motion to compel and for sanctions regarding plaintiff's deposition |
| 09/17/03 | G. Goumas | 0.6 | 96.00 | Finalize motion to compel; revise affidavit in support thereof |
| 10/14/03 | D. Mogck | 0.3 | 37.50 | Review plaintiff's objections to motion to compel and for sanctions |
| 10/20/03 | D. Mogck | 4.1 | 512.50 | Finish research regarding plaintiff's opposition to defendants' motion to compel, including sequence of depositions, and draft reply to plaintiff's opposition and accompanying affidavits |

| 10/21/03 | D. Mogck | 0.2 | 25.00 | Reply to plaintiff's opposition to defendants' motion to compel and for sanctions |
| 01/22/04 | C. Howard | 3.0 | 630.00 | Depose M. Fago |

**TOTAL FEES:**          **$2,803.50**

363264 v.01

# Shipman & Goodwin LLP
### COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Charles L. Howard
Phone: (860) 251-5616
Fax: (860) 251-5699
choward@goodwin.com

February 18, 2004

**TELEFAX AND
FIRST CLASS MAIL**

James S. Brewer, Esquire
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

RE:    Michael J. Fago v. City of Hartford, et al
       United States District Court, Case No. 3:02CV1189(AHN)

Dear Jim:

More than ten days has passed since I wrote to you on January 30, 2004 and forwarded to you a copy of the bill for our expenses for the motion to compel relating to the plaintiff's deposition on August 7, 2003.

The court's order, dated December 29, 2003, required you either to object within ten days or to make payment. To date, I have received neither. Accordingly, please forward payment to me immediately. If we do not receive payment by Wednesday, February 25th, we will file an additional motion to compel or for contempt and seek sanctions for that motion as well.

Very truly yours,

Charles L. Howard

CLH:trb
cc: Joseph W. McQuade, Esquire

Hartford          Stamford          Lakeville          Greenwich