UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-cv-1189 (AHN) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, et al. | : | |
| Defendants. | : | March 31, 2004 |

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PAYMENT OF EXPERT WITNESS FEES AND FOR ATTORNEYS' FEES

Defendants, City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz and Stephen Miele (hereinafter "Defendants") respectfully submit this Memorandum in Support of their accompanying Motion to Compel payment of expert witness fees and for attorneys' fees pursuant to the Federal Rules of Civil Procedure 26(b)(4), 37(a)(2) and (4) and Local Rule 37(a)(4).

I.   FACTUAL BACKGROUND

Plaintiff, Michael J. Fago, alleges several claims pursuant to 42 U.S.C. §1983 against the various defendants in connection with his demotion from probationary Lieutenant to Sergeant with the Hartford Police Department. He also alleges state common-law claims for defamation and intentional infliction of emotional distress.

On November 14, 2003, Defendants made a timely disclosure of Peter Zeman, MD, and Frank Stoll, PhD, as potential expert witnesses in this matter. See Tabs 1 (Zeman Expert Disclosure) and 2 (Stoll Expert Disclosure).[1] On December 17, 2003, plaintiff's counsel issued Notices of Deposition for Drs. Zeman (January 28, 2004) and Stoll (January 30, 2004). See Tabs 3 (Zeman Notice of Deposition) and 4 (Stoll Notice of Deposition). On January 8, 2004, Attorney Gregg P. Goumas, co-counsel for the Defendants wrote to plaintiff's counsel advising that he had informed both doctors of the dates for their depositions. See Tab 5 – January 8, 2004 Letter from G. Goumas. Because Dr. Zeman was not available on January 28, Dr. Zeman, through Mr. Goumas, provided March 2, 3, 4 or 5 as alternative dates. Id. Mr. Goumas also provided information about the doctors' deposition fees, noted that both doctors required payment in advance of their depositions, and asked plaintiff's counsel to contact the doctors' offices directly to make payment arrangements. Id.

On or about January 15, 2004, plaintiff's counsel issued a second set of Notices of Deposition for Drs. Zeman (January 28, 2:00 PM) and Stoll (January 28, 10:00 AM)

---

[1] Although not relevant to this motion, Defendants have not attached the reports of Drs. Stoll and Zeman because they contain plaintiff's confidential medical information. Should the Court desire to review the reports, defendants will submit them either under seal or *in camera* upon request.

ignoring Mr. Goumas' January 8 letter regarding Dr. Zeman's availability and purportedly changing Dr. Stoll's deposition date. See Tabs 6 (Zeman Notice of Deposition) and 7 (Stoll Notice of Deposition). Mr. Goumas wrote to plaintiff's counsel in attempt to clarify the confusion. See Tab 8 – January 20, 2004 Letter from G. Goumas. Further, because plaintiff's counsel had not yet contacted Dr. Stoll's office – and the deposition was only ten days away – Mr. Goumas reminded plaintiff's counsel that she needed to make payment arrangements with Dr. Stoll. Id. Mr. Goumas also indicated in his letter that Dr. Stoll charged $200 per hour for deposition testimony with a four-hour minimum. Id. On January 22, 2004, apparently in response to Mr. Goumas' January 20 Letter, plaintiff's counsel re-noticed the depositions of Drs. Zeman (March 4, 2004) and Stoll (January 30, 2004). See Tabs 9 (Zeman Notice of Deposition) and 10 (Stoll Notice of Deposition).

After receiving a voicemail message from plaintiff's counsel, Attorney Erin O'Neil, during the week of January 19, Dr. Stoll made two attempts to contact Ms. O'Neil, leaving voicemail messages for her on both occasions. See Tab 11 (January 26 Letter from F. Stoll) and Tab 12 (Declaration of Dr. Frank Stoll) ¶ 6. When Ms. O'Neil failed to return his calls, Dr. Stoll sent her a fax at 9:30 AM on January 26 reminding her that he required payment in advance for his deposition. See Tab 11. He also indicated that she needed to contact him by

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

noon that day or he would not be able to hold open the time slot for the deposition. Id. Instead of responding directly to Dr. Stoll, Ms. O'Neil sent a fax to Mr. Goumas shortly after 1:00 PM on January 26. See Tab 13 – January 26 Letter from E. O'Neil. She indicated that plaintiff refused to pay Dr. Stoll for a minimum of four hours and also refused to pay him for any preparation time. Id. She also stated that the deposition was only anticipated to last for two hours. Id.

Later in the afternoon on January 26, Dr. Stoll inquired of Mr. Goumas whether he should still prepare for deposition even though he had not been paid. See Tab 12, ¶ 8. Mr. Goumas told him that the deposition was still scheduled to go forward on January 30 and that he should prepare as he normally would. Id. Following his conversation with Dr. Stoll, Mr. Goumas faxed a letter to plaintiff's counsel providing citations to legal authority for Dr. Stoll's claim that he was entitled to his fees for preparation and travel time in connection with the deposition. See Tab 14 – January 26, 2004 Letter from G. Goumas. Mr. Goumas also informed Ms. O'Neil that based on her letter of earlier that day, Dr. Stoll had adjusted his schedule to reflect a two-hour deposition. Id.

On the morning of January 27, 2004, plaintiff's co-counsel, Attorney James Brewer, replied by fax to Mr. Goumas' January 26 letter. See Tab 15 – January 27, 2004 Letter from

4

J. Brewer. In his letter, Mr. Brewer accuses defense counsel of serving as Dr. Stoll's "agent" and questions what percentage of Dr. Stoll's fee they are receiving. Id. Mr. Goumas responded by letter dated January 28, 2004 correcting the many misstatements and inaccuracies contained in Mr. Brewer's letter. See Tab 16 – January 28, 2004 Letter from G. Goumas. Mr. Goumas also suggested that counsel contact the Honorable Holly B. Fitzsimmons to enlist the Court's assistance in resolving the dispute over payment for Dr. Stoll. Id.

Mr. Goumas called Ms. O'Neil later in the morning on January 28 so counsel could contact the Court together, but did not hear back from her. See Tab 17 – January 28, 2004 Letter from G. Goumas (faxed at 4:27 PM). Instead, at 1:57 PM on January 29, 2004, less than 24 hours before Dr. Stoll's scheduled deposition, plaintiff's counsel faxed Mr. Goumas a letter stating in part: "The deposition of Dr. Stoll scheduled for tomorrow at 10:00 am will not be going forward as scheduled. We intend to file a Motion to Strike his testimony as an expert witness...." See Tab 18 – January 29, 2004 Letter from E. O'Neil. Plaintiff has filed no such motion. Mr. Goumas responded by faxed letter later on January 29 reminding Ms. O'Neil that the parties had been encouraged to contact the Court with discovery disputes. See Tab 19 – January 29, 2004 Letter from G. Goumas. Ms. O'Neil responded indicating

5

that there was no need to enlist the Court's assistance, as "Dr. Stoll [was] no longer a discovery issue." See Tab 20 - January 30, 2004 Letter from E. O'Neil.

By letter dated February 17, 2004, Mr. Goumas forwarded plaintiff's counsel Dr. Stoll's bill for services, along with correspondence from Dr. Stoll indicating that he was unable to otherwise bill for the time he had set aside for the deposition. See Tab 21 – February 17, 2004 Letter from G. Goumas (with enclosures). As reflected in the bill, on January 28, 2004, Dr. Stoll spent two hours reviewing his file in preparation for the deposition. See Tab 21; Tab 12 ¶ 9. In addition, he also set aside two hours for the deposition and one-half hour for travel time to and from the deposition. Tab 12 ¶¶ 8, 11. Because the deposition was canceled at such a late date, Dr. Stoll was unable to see any patients or otherwise bill for those two and one-half hours. Id. ¶ 11. At $200 per hour, the total charge incurred as a result of plaintiff's late cancellation of the deposition was $900 (4 ½ hours at $200).[2] Id. ¶¶ 9, 11-13. In Mr. Goumas' February 17 letter, he asked that plaintiff's counsel pay Dr. Stoll within fourteen days, by March 2, 2004. Tab 21. However, plaintiff's counsel neither paid Dr. Stoll nor responded to Mr. Goumas' letter.

---

[2] Dr. Stoll's bill also included a charge for one hour at $200 for phone conferences and reviewing faxes relating to the scheduling of his deposition and a copying charge for $30.75. The defendants paid these charges. See Tab 21.

6

On March 8, 2004, defense counsel made payment to Dr. Stoll in the amount of $900. See Tab 22 ¶ 2 (Declaration of Gregg P. Goumas); Tab 12 ¶ 13. In a final attempt to avoid the need to file the instant motion, on March 8 Mr. Goumas faxed plaintiff's counsel another letter requesting that plaintiff reimburse defendants for the $900 in fees relating to the aborted deposition by no later than Friday, March 12. See Tab 22 ¶ 3. Again, plaintiff's counsel neither reimbursed Defendants nor responded to Mr. Goumas' letter.

II.  LAW AND ARGUMENT

    A.  <u>PLAINTIFF OR HIS ATTORNEYS SHOULD BE ORDERED TO REIMBURSE DEFENDANTS FOR THE FEES INCURRED AS A RESULT OF DR. STOLL'S ABORTED DEPOSITION</u>.

The Court should issue an Order requiring plaintiff or his attorneys to reimburse defendants for the fees its paid to Dr. Stoll as a result of plaintiff's last-minute cancellation of his deposition. Federal Rule of Civil Procedure 26(b)(4) provides:

> (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial.
>
> \*\*\*
>
> (C) Unless manifest injustice would result, (i) the court *shall* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision...."

7

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

(emphasis added). "The payment of expert fees is mandatory, as indicated by the verb 'shall,' and a party is excused from this obligation only upon a showing of 'mandatory injustice.'" State of New York v. Solvent Chemical Company, Inc., 210 F.R.D. 462, 468 (W.D.N.Y. 2002). "The underlying purpose of Rule 26(b)(4)(C) is to compensate experts for time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing expert's work free from cost." Goldwater v. Postmaster General, 136 F.R.D. 337, 339 (D. Conn. 1991).

In this case, the fact that the deposition did not take place should not alter plaintiff's obligation to pay the fees associated with the expert discovery sought. Plaintiff noticed Dr. Stoll's deposition for January 30, 2004. On January 28, believing that the deposition was still going forward, Dr. Stoll prepared by spending two-hours reviewing his file. Tab 12 ¶ 9. However, plaintiff then canceled the deposition less than 24-hours in advance, at 2:00 PM on January 29. Due to the last minute cancellation, Dr. Stoll was unable to schedule patients or otherwise bill for the deposition and travel time he had set aside. Id. ¶ 11. Plaintiff and his counsel should not be allowed to abuse the Federal Rules of Civil Procedure by scheduling an expert deposition then canceling the deposition at the eleventh-hour when it was too late for Dr. Stoll to otherwise utilize and bill for such time. By doing so, Plaintiff and his counsel

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

have caused Defendants to incur unnecessary attorney's fees and expenses. To permit such an abusive practice to occur would unnecessarily impede the orderly flow of expert discovery.[3]

1.   Dr. Stoll's Fee is Reasonable.

Dr. Stoll charges $200 per hour for deposition testimony and preparation. Tab 12 ¶ 12. Courts often use their discretion in settling upon a reasonable fee. <u>Goldwater</u>, 136 F.R.D. at 339. In <u>Goldwater</u>, the Court set forth six factors to consider in determining whether a particular fee is reasonable within the meaning of Rule 26(b)(4)(C):

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

---

[3] Plaintiff's counsel's refusal to make timely payment arrangements for expert depositions is not limited to this one instance. As discussed above, plaintiff's counsel noticed Dr. Zeman's deposition for March 4, 2004. On February 4, 2004, Dr. Zeman's office sent plaintiff's counsel a bill for fees in connection with the deposition requesting payment in full no later than one week in advance. <u>See</u> Tab 23 (Invoice for Deposition). When payment was not forthcoming, Dr. Zeman's assistant left two messages for Ms. O'Neil but did not receive a return phone call. As a result, Dr. Zeman's office asked for defense counsel's assistance in obtaining payment. On February 27, defense counsel faxed a letter to plaintiff's counsel indicating that Dr. Zeman needed to receive payment by no later than March 2, or he would not appear for the deposition. <u>See</u> Tab 24 - February 27, 2004 Letter from G. Goumas. Shortly thereafter, plaintiff's counsel canceled Dr. Zeman's deposition.

9

Id. at 340. The weight to be given to any one of the factors in a particular case depends upon the circumstances before the court. Id.

Dr. Stoll is a state-licensed psychologist. He received a Doctorate in Behavioral Sciences in 1986, and a Master's Degree in Behavioral Sciences in 1981, both from the University of Chicago. Tab 12 ¶ 2. From 1988 to 1999 he worked as a psychologist at the Institute of Living Medical Group. Id. He has worked in the psychological field dating back to 1977, as a researcher, professor and staff psychologist. Id. Given Dr. Stoll's extensive experience and credentials, his rate of $200 per hour is certainly reasonable. Plaintiff or his attorneys should be ordered to reimburse defendants for the two hours ($400) that Dr. Stoll allocated for the deposition.

2. Dr. Stoll's Preparation Time Is Compensable.

Defendants should also be reimbursed for the two hours Dr. Stoll spent on January 28 reviewing his file in preparation for the deposition.[4] District Courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C). See e.g., Equal Employment Opportunity Comm. v. Johnson &

---

[4] In October 2003, Dr. Stoll conducted a clinical interview of plaintiff and conducted several psychological tests as part of plaintiff's Rule 35 Mental Examination. In preparing for his deposition, he reviewed his report, his interview notes and the various test results. See Tab 12 ¶¶ 3, 9.

10

Higgins, Inc., 1999 U.S. Dist. LEXIS 478 at *3, 1999 WL 32909 (S.D.N.Y. 1999) (awarding expert witness fees for time spent preparing for deposition but reducing the number of hours) (attached hereto at Tab 25); Bonner v. American Airlines, Inc., 1997 U.S. Dist. LEXIS 20836 at *2, 1997 WL 802894 (S.D.N.Y. 1997) (noting that the weight of authority permits the recovery of fees for preparation time in connection with deposition under Rule 26(b)(4)(C))(attached hereto at Tab 26); McHale v. Westcott, 893 F.Supp. 143, 151 (N.D.N.Y. 1995)(permitting compensation for time spent preparing for deposition). Accordingly, plaintiff or his attorneys should be ordered to reimburse Defendants for the two hours ($400) spent by Dr. Stoll preparing for the deposition.

        3.      Plaintiff Should Also Be Ordered To Pay For The Time Dr. Stoll Allocated For Travel To And From The Deposition.

Like preparation time, the district courts within the Second Circuit have held that time spent traveling to and from the deposition is compensable under Rule 26(b)(4)(C). See Johnson & Higgins, 1999 U.S. Dist. LEXIS 478 at *4; Bonner, 1997 U.S. Dist. LEXIS 20836 at *2; McHale, 893 F.Supp. at 151. Dr. Stoll allocated one-half hour for travel time to and from the deposition. Even though the deposition did not take place and Dr. Stoll was not required to travel to plaintiff's counsel's office, this is time that Dr. Stoll could have otherwise scheduled therapy sessions with patients. However, because the deposition was

11

canceled on such short notice, he was unable to schedule patients or otherwise bill for this time. Defendants should be paid for the one half-hour ($100) Dr. Stoll allocated for travel time.

    B.    <u>DEFENDANTS SHOULD BE AWARDED THEIR ATTORNEYS' FEES IN CONNECTION WITH THE FILING OF THIS MOTION</u>.

Federal Rule 37 allows the Court to sanction a party who fails to comply with its obligations under Rule 26(b)(4)(C). <u>See</u> <u>State of New York v. Solvent Chemical Company, Inc.</u>, <u>supra</u>, 210 F.R.D. at 474-75. In <u>Solvent</u>, the Court noted that "while nothing in Rule 37 specifically addresses the issue of sanctioning a party's non-compliance with Rule 26(b)(4)(C) ... Rule 37(a) inherently provides authority for the imposition of sanctions for such a violation. Among the sanctions the court may consider are reasonable costs and attorneys' fees." <u>Id.</u> at 474. The Court noted that this position is supported by existing case law. <u>Id.</u>; <u>see</u> <u>e.g</u>. <u>Miltope Corp. v. Hartford Casualty Insurance Co.</u>, 163 F.R.D. 191 (S.D.N.Y. 1995) (holding that "the sanctions specified under Rule 37 are not exhaustive, and the Court may impose such sanctions as are just"); <u>J.M. Cleminshaw Co. v. City of Norwich</u>, 93 F.R.D. 338 (D. Conn. 1981) (concluding that the Court "possesses inherent power to control the disposition of cases before it" and this "includes the authority to levy sanctions in response to abusive litigation practices").

12

> The Court in <u>Solvent</u> observed:
>
> Rule 37(a)(2) allows a party to make a motion to compel discovery required by the Federal Rules. It specifies that such motions may be brought if a party fails to comply with Rule 26(a) or Rules 30, 31, 33, 34. Rule 37(a)(3) provides that 'for purposes of this subdivision an evasive or incomplete disclosure, answer or response is to be treated as a failure to respond.' In this case, Recochem responded negatively to Solvent's initial inquiries regarding payment for Dr. Nauman's fees and costs, an obligation Recochem clearly had under the Federal Rules. Solvent brought a motion to compel to force the Recochem defendants to meet its discovery obligations. This court regards Recochem's negative response as a failure to comply with their discovery obligations under Rule 37(a).[5]

In <u>Solvent</u>, Recochem took the deposition of Solvent's expert, Dr. E. Bruce Nauman, but refused to pay the expert witness fees incurred as a result of Dr. Nauman appearing at the deposition. <u>Id.</u> at 466. Solvent paid Dr. Nauman and then sought reimbursement from Recochem. <u>Id.</u> at 475. The Court ordered Recochem to reimburse Solvent and awarded Solvent its attorneys' fees in filing the motion to compel. <u>Id.</u>

---

[5] Rule 37(a)(4) provides that is a Motion to Compel is granted:
> the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the move party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response or objection was substantially justified, the that other circumstances make an award of expenses unjust.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

In this case, after plaintiff initially objected to paying for Dr. Stoll's preparation time for the deposition, Mr. Goumas suggested repeatedly that counsel jointly bring the issue to the attention of the Court. However, plaintiff's counsel declined to do so. When plaintiff's counsel canceled Dr. Stoll's deposition at the last minute on January 29, Mr. Goumas again reminded Attorney O'Neil of the Court's Order encouraging the parties to contact the Court should discovery issues arise. However, Mr. Goumas' suggestion was again rebuffed. On February 17, 2004 Mr. Goumas forwarded Dr. Stoll's bill to plaintiff's counsel and asked that plaintiff pay it directly. Plaintiff's counsel neither paid the bill, nor otherwise responded. After Defendants paid Dr. Stoll's bill, Mr. Goumas wrote again to plaintiff's counsel, provided proof of payment, and asked that plaintiff reimburse Defendants in order to avoid the need for Defendants to file a motion to compel. Once again plaintiff's counsel ignored Mr. Goumas' request. As demonstrated above, plaintiff and his counsel have failed to comply with their discovery obligations imposed pursuant to Rules 26 and 37. Either the plaintiff or his attorneys should be ordered to pay Defendants all of their attorneys' fees in connection with this motion.[6]

---

[6] Defendants will submit to the Court an itemized statement of their fees upon request.

III.   CONCLUSION

The conduct of plaintiff and/or his counsel as discussed above is an abuse of the Federal Rules of Civil Procedure. As a result of plaintiff's last-minute cancellation of Dr. Stoll's deposition, Defendants incurred $900 in costs for expert witness fees. These costs resulted through absolutely no fault of Defendants or their counsel. Defendants should be reimbursed for these costs. Further, when defense counsel provided plaintiff's counsel with documentation to substantiate these costs and asked that plaintiff pay them directly, their request was ignored. After Defendants paid Dr. Stoll's bill and asked to be reimbursed, they were again ignored. An award of cost-shifting sanctions is particularly appropriate. Defendants' motion should be granted.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

THE DEFENDANTS
CITY OF HARTFORD, BRUCE MARQUIS,
KEVIN JONES, MARK PAWLINA,
JOSEPH BUYAK, MARK RUDEWICZ and
STEPHEN MIELE

By /s/ Charles L. Howard
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. 19095
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5699
Their Attorneys

16

## CERTIFICATION OF SERVICE

     I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Compel and for Attorneys' Fees was sent by U.S. Mail, postage prepaid, this 31st day of March 2004, to:

Joseph W. McQuade, Esq.
Jennifer L. Dixon, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

James S. Brewer, Esq.
Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06120

                                                                 Gregg P. Goumas

367134 v.01 S1

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385