UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MICHAEL J. FAGO                                  :   CIVIL ACTION NO.
                                                 :   2004 APR 21 A 10: 23
       PLAINTIFF,                               :   NO. U.S. DISTRICT COURT
                                                 :   BRIDGEPORT, CONN
VS.                                              :
                                                 :
CITY OF HARTFORD, ET AL.,                        :
                                                 :
       DEFENDANTS.                              :   April 21, 2004

**PLAINTIFF'S MEMORANDUM IN SUPPORT IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES AND FOR ATTORNEYS' FEES**

**I. INTRODUCTION**

      The Plaintiff, Michael Fago, submits this Memorandum in Opposition to Defendants' Motion to Compel Payment of Expert Witness Fees and for Attorneys' Fees under Fed. R. Civ. P. 26(b)(4), 37(a)(2) and (4) and Local Rule 37(a)(4). Defendants ask the court to compel plaintiff to pay expert witness fees for an expert that plaintiff never deposed. Though defendants admit to an ongoing dispute between the parties regarding their expert's pre-payment and minimum hour demands, they expressed surprise when they were given notice of the cancellation. None of the case law cited by defendants in their motion is applicable to this situation, and their motion to compel should be denied.

**II. BACKGROUND**

      This action is brought by plaintiff against the defendants, who, acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated plaintiff's Fourteenth Amendment rights to equal protection and due process and plaintiff's First Amendment right to free speech by retaliating against him and depriving plaintiff of his liberty

without due process of law.   This action arises under Title 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and state common law claims of defamation and intentional infliction of emotional distress.

## III. STATEMENT OF FACTS

When defendants first disclosed Frank Stoll, PhD as a potential expert on November 14, 2003, his fees were $175.00 per hour of document review and $200.00 per hour of deposition testimony. *See* Expert Witness Disclosure of Dr. Frank Stoll (Exh. 1). After plaintiff sent a Notice of Deposition on January 15, 2004, Defendants' counsel wrote to confirm the date of Dr. Stoll's deposition and added the requirement that Dr. Stoll would bill a minimum of six hours, all at the deposition rate of $200.00. *See* Notice of Deposition of Dr. Stoll (Exh. 2) and January 8, 2004 Letter from Goumas to O'Neil (Exh. 3).  The doctor had to be pre-paid for four hours of deposition time and for two hours to review his files. *Id*. None of these details regarding the expense of this expert witness were detailed in his expert disclosure. (Exh. 1).

On January 26, 2004, plaintiff received a letter from Dr. Stoll, insisting that if he did not hear from plaintiff's attorneys by 12:00 p.m.  regarding his pre-payment for his time, he would cancel the deposition.  *See* Letter from Dr. Stoll to O'Neil ("1/26/04 Stoll Letter") (Exh. 4).  At this time, plaintiff had never received an itemized bill from either defendants or Dr. Stoll.  *See* First Invoice from Dr. Stoll dated February 4, 2004. (Exh. 5).

Plaintiff responded to defendants that they would pay the fee for his time at his deposition, but because the deposition was not to take up to four hours, this minimum payment was excessive and unreasonable.  *See* January 26, 2004 Letter from O'Neil to Goumas (Exh. 6). In addition, plaintiff expressed a willingness to pay Dr. Stoll in advance in order to proceed with the deposition as scheduled. *Id*.

Defendants replied that if plaintiff only pre-paid for two hours, there would be no way to make up the difference if the deposition were to last two hours and fifteen minutes. *See* January 26, 2004 Letter from Goumas to O'Neil (Exh. 7). Therefore, after exactly two hours, deponent would leave and presumably, the deposition would have to be continued with a pre-paid fifteen minute session.

The following day plaintiff expressed his extreme concern in continuing with the scheduled deposition under these stringent terms. See January 27, 2004 Letter from Brewer to Goumas ("1/27/04 Brewer Letter")(Exh. 8). Dr. Stoll's unreasonable pre-payment and minimum hourly billing standards, in addition to an unreasonable amount of time required to review the file, led the plaintiff to ask defendants to withdraw Dr. Stoll and his work. *Id*. If defendants did not withdraw the expert, plaintiff's counsel explained that he would move to strike him as an expert. This letter was written three days before the scheduled deposition. *Id*.

Despite the fact that plaintiffs wrote defendants clearly asking them to withdraw their expert from the case, in their motion, defendants claim to be surprised by the cancellation of the deposition. After two more days of back-and-forth regarding the unreasonable payment standards of their expert, plaintiff cancelled the deposition. See January 29, 2004 Letter from O'Neil to Goumas ("1/29/04 O'Neil Letter")(Exh. 9). In this letter O'Neil restated plaintiff's belief that the issue had surmounted discovery and demanded that plaintiff file a motion to strike Dr. Stoll as an expert. *Id*. On January 30, 2004, O'Neil repeated, for the third time, that plaintiff believes this issue is no longer within the realm of discovery. Letter from O'Neil to Goumas (Exh. 10).

## IV. LAW AND ARGUMENT

### A. Plaintiff Should Not Have to Pay Fees for a Deposition that Never Occurred.

Defendants fail to provide any case law in support of the proposition that plaintiff should be required to pay fees for a deposition that never took place; plaintiff should not have to pay these fees.

Defendants cite Federal Rule of Civil Procedure 26(b)(4)(C)("Unless manifest injustice would result, (I) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery"). However, as defendants point out, the purpose of this rule is to "prevent one party from unfairly obtaining the benefit of the opposing expert's work free from cost". Goldwater v. Postmaster General, 136 F.R.D. 337, 339 (D. Conn. 1991). Here, plaintiff has received no benefit from Dr. Stoll that requires a payment of $900.00. If and when plaintiff deposes Dr. Stoll and obtains a benefit from his time and efforts, plaintiff will pay for that time.

None of the case law sited by defendants supports the proposition that even though the deposition never took place, plaintiff should still have to pay $900.00 in expert witness fees. State of New York v. Solvent Chemical Company, Inc., 210 F.R.D. 462, 466 (W.D.N.Y. 2002)(paintiffs deposed the expert, thereby obtaining a benefit from the expert); Goldwater, 136 F.R.D. at 338 (same).

Plaintiff gave defendant more than twenty-four hours of notice; four days before the deposition Attorney Brewer wrote expressing his profound concern regarding the payment requirements of their expert also asking them to withdraw Dr. Stoll as an expert. *See* 1/27/04 Brewer Letter (Exh. 8). Indeed, their expert threatened to cancel the deposition four days in advance. 2/26/04 Stoll Letter (Exh. 4). Plaintiff cancelled the deposition and expressed concern over the payment requirements of Dr. Stoll in order to avoid paying these same fees under Dr. Stoll unreasonable terms. Defendants ignored plaintiff's repeated comments that the payment

requirements were unacceptable, and that plaintiff was planning to file a motion to strike their expert. Plaintiff should not have to pay expert fees for a cancelled deposition from which they derived no benefit..

### B. Plaintiffs Do Not Object to Dr. Stoll's Fees, Compensation for Preparation Time or Travel Time If and When He is Actually Deposed.

Plaintiff believes that Dr. Stoll should charge the reasonable fees quoted for his time in his expert disclosure. (Exh. 1)($175.00/hour for deposition preparation). Plaintiff does not refuse to pay for any preparation time or travel time he may bill, but plaintiff will not pay these fees for an expert that has not been deposed. No case law supports the proposition that an expert is entitled to prepayment of a minimum of four hours, and this is exactly what plaintiff objected to for weeks leading up to the cancellation of the deposition.

### C. Defendant Should Not Be Awarded Attorney's Fees for Burdening the Court with Unnecessary Motion Practice.

Plaintiff should not have to pay attorney's fees to defendant because they chose to burden the court with this unnecessary motion practice. Defendants' citations for this proposition are once again, not on-point to the present situation. Solvent, 210 F.R.D. at 466 (Expert had been deposed, therefore non-payment was equal to non-compliance).

Plaintiff has not failed to comply with Fed. R. Civ. P. 26(b)(4)(C), and defendant has offered no relevant case law in support of this legal argument. Defendants made a conscious choice to hire an expert with unreasonable prepayment and minimum hourly requirements. Likewise, Defendants chose to ignore plaintiff's repeated expressions of concern with these unreasonable demands. Plaintiff should not be punished for cancelling a deposition for an expert when their objections to his payment requirements were not being adequately addressed.

Defendants attempt to present to the court that plaintiffs refused to jointly bring the issue

before the court, but ignores the fact that at any time defendants could have brought the issue to the court themselves; however, they did not. When defendants made one such request, plaintiff had already determined that the situation had become a trial issue requiring a motion in limine, and therefore felt that getting the court involved would be unnecessary. *See* Exhs H, I. Defendants are not entitled to attorney fees on this matter.

## CONCLUSION

The conduct of the plaintiff did not violate Federal Rules of Civil Procedure, plaintiff should not be required to pay expert fees for an undeposed expert whom they intend to strike, and plaintiff should not be sanctioned for defendants unnecessary motions practice. Plaintiff respectfully requests that Defendants' motion to Compel payment of Expert Witness Fees and For Attorneys' Fees be denied.

PLAINTIFF,

BY: _____
Erin O'Neil
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055
Federal Bar #ct23073

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, this April 21, 2004, to the following:

Charles L. Howard
Gregg P. Goumas
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Joseph W. McQuade
Jennifer L. Dixon
Kainen, Escalera & McHale
21 Oak Street
Hartford, CT 06106

Courtesy Copy to:
Holly B. Fitzsimmons
U.S. Magistrate Judge
915 Lafayette Blvd.
Bridgeport, CT 06604

Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055
Federal Bar #ct23073