FILED

2004 APR 30 ₽ 1: 00

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-cv-1189 (AHN) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, et al. | : | |
| Defendants. | : | April 28, 2004 |

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL PAYMENT
OF EXPERT WITNESS FEES AND FOR ATTORNEYS' FEES

Defendants, City of Hartford, Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph

Buyak, Mark Rudewicz and Stephen Miele (hereinafter "Defendants") respectfully submit

this Reply to plaintiff's April 21, 2004 Opposition to their Motion to Compel Payment of

Expert Witness Fees and for Attorneys' Fees.

1. That Fact That Dr. Stoll's Deposition Did Not Take Place Does Not Negate
Defendants' Entitlement To Expert Witness Fees They Were Required To Pay
As A Result Of Plaintiff's Untimely Cancellation Of The Deposition.

Plaintiff argues that he should not be required to pay for a deposition which never

took place.  Plaintiff's Memorandum ("Pl. Memo.") at 2-3.  Plaintiff's position is without

merit.  The case of Edin v. Paul Revere Life Insurance, 188 F.R.D. 543 (D. Ariz. 1999) is

particularly instructive on this point.  In Edin, plaintiff's counsel reserved two full hours to

depose defendant's expert witness, a surgeon who had conducted a physical examination of

plaintiff.  Id. at 548.  Plaintiff's counsel used only one full hour for the deposition, but the

doctor requested payment for two hours.  Id.  The Court found that the doctor was entitled to

payment for two hours because he had not scheduled patients for the second hour and did not

have advance notice to make alternative plans.  Id.

Here, Dr. Stoll prepared for the deposition on January 28 because there was no

indication that the deposition would not go forward as scheduled.  Defendants' Memorandum

(Def. Memo.) at Tab 15 (Letter dated January 27 from J. Brewer stating: "Unless you

withdraw Dr. Stoll as an expert witness in this case, we intend to take his deposition, and

then move to strike him as an expert....).  Further, defense counsel instructed Dr. Stoll to set

aside two hours for the deposition based on the express representations of plaintiff's counsel.

Id. at Tab 13 (Letter dated January 26 from E. O'Neil stating: "We expect that his deposition

will be no longer than two hours ... We will go forward with the deposition of Dr. Stoll on

Friday, January 30, 2004, at 10:00 AM as previously scheduled.").  However, plaintiff's

counsel canceled the deposition less than twenty-four hours in advance and, as a result, Dr.

Stoll was unable to see patients or otherwise bill for the time he set aside for the deposition.

Id. at Tab 18.  As in Edin, the expert fees in this case were incurred through absolutely *no fault* of either the expert or defense counsel and defendants should not be saddled with this expense.  The fact that the deposition did not, in fact, take place is of no consequence.

    2.    <u>Dr. Stoll's Preparation and Travel Time Is Also Compensable</u>.

    Plaintiff does not take issue with the compensability of preparation[1] and travel time as a general matter, but, as with his assertion pertaining to Dr. Stoll's deposition time, maintains that Dr. Stoll is not entitled to compensation for preparation and travel in this case because the deposition did not take place. Pl. Memo. at 5 ("Plaintiff does not refuse to pay for any preparation time or travel time he may bill, but plaintiff will not pay these fees for an expert that has not been deposed.").  Again, plaintiff's argument misses the point; the *only reason* these fees were incurred was due to plaintiff counsel's untimely cancellation of the deposition.  Based on the same rationale as discussed above, these fees are compensable even though the deposition did not take place.

---

[1] Plaintiff maintains that, based on Dr. Stoll's expert disclosure, his rate for deposition preparation should only be $175.00 per hour. Pl. Memo at 4.  However, the $175.00 rate contained in Dr. Stoll's expert disclosure applies only to document review done in connection with mental examinations performed pursuant to Fed. R. Civ. P. 35.  Dr. Stoll charges $200.00 per hour for deposition preparation.  Def. Memo at Tab 12 ¶ 12. Defendants paid Dr. Stoll at the rate of $200.00 per hour for his preparation time.  Id. at Tab 18.

3.    <u>Defendants Are Entitled To Their Fees In Connection With Their Motion Due
To The Failure Of Plaintiff And/Or His Counsel To Live Up To Their
Obligations Under the Federal Rules</u>.

Plaintiff argues that he "should not have to pay attorney's fees to defendant [sic]
because they chose to burden the court with this unnecessary motion practice." <u>Id.</u>  To the
contrary, the record reveals that defense counsel went to great lengths in an attempt to
resolve this issue prior to filing this motion. <u>See</u> Def. Memo. at 12-15, Tabs 16, 19, 21,
22(B).  However, such efforts were *completely ignored* by plaintiff's counsel leaving
defendants no choice but to file the instant motion.

Plaintiff also maintains that "Defendants made a conscious choice to hire an expert
with unreasonable prepayment and minimum hourly requirements" and that "Defendants
chose to ignore plaintiff's repeated expressions of concern with these unreasonable
demands." Pl. Memo at 5.  Neither of these arguments is relevant to the issue presently
before the Court.  Nevertheless, there is nothing unreasonable about Dr. Stoll's payment
terms.[2]  With respect to plaintiff's assertion that defendants ignored his concerns over Dr.
Stoll's payment terms, this claim is simply untrue.  As discussed in their primary

4

memorandum, defense counsel made *several* attempts to bring plaintiff's objections to the attention of the Court jointly with plaintiff's counsel.  However, plaintiff's counsel failed to cooperate in defense counsel's attempts to do so.

<u>Conclusion</u>

For all of the foregoing reasons, along with the reasons contained in defendant's primary memorandum, their Motion to Compel Payment of Expert Witness Fees and for Attorney's Fees Should be granted.

---

[2] Indeed, plaintiff's last minute cancellation of the deposition validates the need for Dr. Stoll's pre-payment policy.

THE DEFENDANTS
CITY OF HARTFORD, BRUCE MARQUIS,
KEVIN JONES, MARK PAWLINA,
JOSEPH BUYAK, MARK RUDEWICZ and
STEPHEN MIELE

By _____
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. 19095
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5699
Their Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Compel and for Attorney's Fees was sent by U.S. Mail, postage prepaid, this 28th day of April 2004, to:

Joseph W. McQuade, Esq.
Jennifer L. Dixon, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

James S. Brewer, Esq.
Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06120

Gregg P. Goumas

370177 v.01 S1