UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | NO.: 3:02CV1189(AHN) |
| vs. | : | |
| CITY OF HARTFORD, ET AL., | : | |
| DEFENDANTS. | : | MAY 7, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SANCTIONS**

The plaintiff, Michael Fago submits this memorandum in opposition to Defendants' Joint Motion for Sanctions against plaintiff's counsel, James Brewer, hereinafter ("Attorney Brewer"). Attorney Brewer did not act inappropriately during the plaintiff's continued deposition on January 22, 2004 and February 4, 2004; defendants' counsel engaged in harassing behavior toward the plaintiff and Attorney Brewer.

**I. BACKGROUND**

Defendants have engaged in a strategy of harassment toward plaintiff and his attorney. Plaintiff has already been deposed four times and has been asked to testify repeatedly to the same testimony previously testified to. The December 31, 2003 order imposing sanctions on plaintiff's attorney is irrelevant in the present circumstance, and defendants bring it to the court's attention because of the weakness of background fact to support their claims in this circumstance. Attorney Brewer's conduct at the third and fourth continued depositions does not

1

implicate the need for court intervention.

## II. LAW AND ARGUMENT

### A. Applicable legal standards

In general Courts disfavor the granting of a motion for sanctions. The court should not deviate from this pattern in this case. In the case at hand sanctions are inappropriate under 28 U.S.C. § 1927, Federal Rules of Civil Procedure 30(d), and Local Rule of Civil Procedure 16(g)(1). Additionally, the court should not use its inherent power to impose sanctions in this circumstance.

1. 28 U.S.C. § 1927

Defendants argue that under 28 U.S.C. § 1927, sanctions may be imposed against any attorney "who so multiplies the proceedings in any case to increase the costs unreasonably and vexatiously..." Further, defendants claim that "the primary concern of § 1927 is to limit the abuse of court process, particularly abuses connected with pre-trial discovery." Defendants cite Roadway Express v. Piper, 447 U.S. 752, 757, n.4, 100 S.Ct. 2455, 65 L. Ed. 2d 488 (1980). However, this is not what Roadway Express states. Roadway Express noted that "The 1853 Act specified the costs recoverable in federal litigation and also allowed the award of excess "costs" against counsel who vexatiously multiply litigation." Roadway Express v. Piper, 447 U.S. 752, 757, n.4, 100 S.Ct. 2455, 65 L. Ed. 2d 488 (1980). The defendants have not brought forth any evidence that Attorney Brewer has increased the costs "unreasonably and vexatiously." In fact, the police defendants continued the deposition of the plaintiff unnecessarily for two extra days

beyond what the court ordered.

It has been found that the purpose of 28 U.S.C. § 1927 is 'to deter unnecessary delays in litigation'". United States v. International Broth. of Teamsters, 948 F.2d 1338, 1345 (2nd Cir. 1991), quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Admin. News, 2716, 2782. Additionally, the Second Circuit has engrafted a bad faith requirement for sanctions to be awarded under the statute[1]. Id. For a moving party to prevail in a motion for sanctions it must prove that the attorney engaged in conduct that "multiplies the proceedings in any case unreasonably and vexatiously", that it was in bad faith and it was done to create an "unnecessary delay in litigation".

Defendants cite State of New York v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir.), "when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." However, defendants do not support the argument or make any claims that Attorney Brewer's actions were meant to delay litigation. Additionally, Attorney Brewer has no interest in delaying litigation. He is plaintiff's counsel and is working to vindicate his clients rights and make him whole in the shortest amount of time possible. It is the defendants who have an interest in delaying litigation, not the plaintiff.

The defendant's have made no showing the Attorney Brewer's action were made in bad

---

[1] "Bad faith is the touchstone of an award under this statute." United States v. International Broth. of Teamsters, 948 F.2d 1338, 1345 (2nd Cir. 1991).

3

faith. The plaintiff has been subject to harassment by the defendants in the form of numerous depositions asking the same questions. Attorney Brewer conducted himself in such a manner as to protect his client from this continued harassment. Attorney Brewer's actions cannot be deemed to have been done in bad faith, all his actions were done for the benefit and protection of his client.

The actions noted in the defendant's motion are not sufficient to prove that Attorney Brewer conducted himself in a manner that "multiplies the proceedings in any case unreasonably and vexatiously." As plaintiff's counsel, Attorney Brewer had no incentive to multiply the proceedings. It is in his clients best interest to resolve the case as quickly as possible. All of Attorney Brewer acts alleged in the defendants' motion were conducted to protect his client, not to "multiply the proceedings unreasonably and vexatiously."

Additionally, the defendant's have made no showing Attorney Brewer's actions were done in bad faith. The defendant's have failed to carry their burden under 28 U.S.C. § 1927, thus sanctions are not appropriate.

2. The Court's Inherent Power

The defendants next cites Alyeska Pipeline Serv. Co.v. Wilderness Society, 421 U.S. 240, 258-59, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975) again using a case that does not relate to the captioned matter. The full quote that the defendants allude to is "a court may assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant (internal quotes omitted,) or when the losing party has act in bad faith,

4

vexatiously, wantonly or for oppressive reasons." Again, these facts do not apply to the motion before the court.

The defendants cite <u>United States of America v. Seltzer</u>, 227 F.3d 36 (2d Cir. 2000) for the proposition that "other misconduct that is not undertaken for the client's *benefit* (emphasis added), the district court need not find bad faith before imposing a sanction under its own inherent power." The plaintiff has been subject to continued harassing depositions and questions by the defendants. Attorney Brewer's acts were done for the benefit of his client, in that he was attempting to shield his client from continued harassment. Because the alleged acts were conducted for his client's benefit, the defendants must show Attorney Brewer acted in bad faith. They have made no such showing, thus the court should not employ its own inherent power to levy sanctions.

### 3. Local Rule of Civil Procedure 16(g)(1)

"It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice." Loc. R. Civ. P. 16 (g)(1). Attorney Brewer acted in a manner to protect his client from the continued harassment of the defendants, not to "intentionally obstruct the effective and efficient administration of justice."

The defendants have acted in very much the same manner as Attorney Brewer during the discover process, yet they motion the court to impose sanction solely on Attorney Brewer.

Defendants' counsel have engaged in "speaking objections" and acted in ways that "would not be allowed in the presences of a judicial officer." United States Magistrate Judge Fitzsimmons took the opportunity to note that:

> significant delay and expense to both parties have resulted from the inability of counsel to cooperate in this case. The parties are strongly encouraged to endeavor to cooperate for the duration of this lawsuit. In lieu of filing motions, counsel are urged to contact the court via telephone to discuss and further discovery issues that may arise. United States Magistrate Judge Fitzsimmons Ruling, page 9, paragraph 1, attached at "exhibit 1".

The defendants have conducted themselves in the same manner as to which they now wish Attorney Brewer to be sanctioned. The court has instructed the parties not to file motions that will further delay the case and make it more difficult for the counsel to work together. The defendants have ignored the wishes of the court with their filing of the current motion. The court should not grant the motion due to the court's prior instructions.

    4.  Federal Rule of Civil Procedure 30

Defendants cite Fed. R. Civ. P. 30 for the proposition that Attorney Brewer should be sanctioned for conduct if "the court finds [that] any impediment, delay or other conduct [that] has frustrated the fair examination of the deponent". Fed. R. Civ. P. 30(d)(3). The defendants have been given the ample opportunity to depose the plaintiff. The plaintiff has been deposed on four separate occasions. Fed. R. Civ. P. 30(d)(2) states, "a deposition is limited to one day of seven hours." The plaintiff has been deposed on four different days for well over seven hours in

total, far in excess of the parameters outlined in Fed. R. Civ. P. 30(d)(2).

Attorney Brewer's actions were in response to the defendants repeated questions and tactic of continuing and extending the plaintiff's deposition. Attorney Brewer was attempting to stop these tactics and protect his client. His actions are not proper to be sanctioned under Fed. R. Civ. P. 30(d)(3).

### B. Attorney Brewer should not be sanctioned because there was no prolonged speaking objections, witness coaching and Ad Hominem attacks on counsel.

The defendants base their motion for sanctions on the alleged facts that Attorney Brewer "engaged in extensive speaking objections, personal attacks on counsel and coaching of the witness."[2] The conduct complained of in the motion also has regularly been conducted by defense counsel.

The defendants make frequent note that Attorney Brewer engaged in speaking objections. The defendants cite no rule or case law that speaking objections are improper at depositions. Further, they make no showing that engaging in speaking objections is conduct subject to sanctions under any legal standard. Additionally, the defendants contend that Attorney Brewer engaged in 'witness coaching'. Again the defendants cite no rule or case law that such conduct is prohibited at depositions, and have provided no foundation for the alleged conduct to be subject to sanctions.

---

[2] Defendants' Motion for Sanctions, page 6, paragraph 2.

The alleged Ad Hominem attacks on counsel cited in defendants' motion are in response to the unreasonable harassment of the plaintiff.  Attorney Brewer was frustrated by the continued improper questioning of his client that raised to the level of harassment.  Defense counsel engaged in a tactic of delaying litigation by requesting numerous depositions of the plaintiff.  At the deposition defense counsel asked questions in an argumentative manner and repeated questions that the plaintiff already answered.  Attorney Brewer's reaction to such harassing tactics is understandable.  His comments to opposing counsel were done in order to stop the continuing harassment of his client.

### C. **Defendants' Motion For Sanctions is an improper attempt to discredit plaintiff counsel before the court and introduces not relevant facts.**

Defendants' motion against plaintiff's counsel is an improper use of a motion for sanctions.  Defendants filed this motion in order to discredited Attorney Brewer before the court as a strategy of harassment.  It is improper to use a motion for sanctions for the purpose of discrediting an attorney in the eyes of the court.  This is the main purpose behind defendants' motion and as such their motion should be denied.

Defendants' motion notes two other occasions that motions for sanctions have been filed against Attorney Brewer.  These two unrelated motions have no bearing on the current controversy.  These motions are irrelevant to the issue if sanctions should be levied against Attorney Brewer in this situation.  Defendants' inclusion of these motions was solely to further discredit Attorney Brewer in the eyes of the court.  Their inclusion was improper and the court

should place no weight on them in deciding the defendants' motion.

## CONCLUSION

The defendants have failed to prove that Attorney Brewer's action are subject to sanctions under any legal standard. Additionally, the defendants' motion is in violation of a previous court request and was made solely to discredit plaintiff's counsel in the eyes of the court. The Defendants' Motion for Sanctions should be denied.

                                          Plaintiff,
                                          Michael Fago


                                By: _____
                                    Erin I. O'Neil
                                    818 Farmington Avenue
                                    West Hartford, CT 06119
                                    (860)523-4055
                                    Federal Bar #ct23073

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this May 7, 2004, to the following:

Charles L. Howard
Gregg P. Goumas
Shipman & Goodwin
One American Row

Hartford, CT 06103-2819

Joseph W. McQuade
Jennifer L. Dixon
Kainen, Escalera & McHale
21 Oak Street
Hartford, CT 06106

Courtesy Copy to:
Holly B. Fitzsimmons
U.S. Magistrate Judge
915 Lafayette Blvd.
Bridgeport, CT 06604

Clerk
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055
Federal Bar #ct23073
