successive review by supervisors, including the Chief of Police, and its hearing process and related appeals constituted a quasi-judicial proceeding. Id. at 555-57. Second, as a matter of public policy, the court concluded that, without absolute immunity for statements made in quasi-judicial proceedings, "good faith criticism of government misconduct might be deterred by concerns about unwarranted litigation." Id. at 557. The court therefore explained that "the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements," particularly in the case of "police officers, who are public officials with significant power and authority." Id. (internal citations omitted).

Here, Pawlina's investigation was also a quasi-judicial proceeding. In particular, he ascertained facts through witness interviews conducted by IAD investigators, interrogatories, and a mandatory IAD statement from Fago. He then weighed the evidence and drew a conclusion. Pawlina thereafter submitted his findings concerning Fago's probationary performance to Jones and Marquis, together with a recommendation that Fago be demoted and disciplined. Marquis thereafter exercised his discretion in deciding to recommend Fago's demotion. See Craig, 78 Conn. App. at 554; cf. id. at 554 (court does not look at label of proceeding alone), 555 ("a proceeding may be characterized as quasi-judicial . . . even if it does not manifest all of the relevant factors that our case law has identified").

The privilege's underlying public policy also shows that Pawlina's investigation was quasi-judicial. Like private citizens who are entitled to complain about police misconduct, see id., police officers are absolutely immune for their statements regarding a fellow officer's alleged conduct. If it were otherwise, "good faith criticism of [a police officer's] misconduct might be deterred by concerns about unwarranted litigation," id. at 557, and police officers,

who are both sworn to uphold the law and often best able to observe other officers' conduct, would have less freedom than private citizens to comment on official misconduct. Cf. Petyan, 200 Conn. at 246 ("The doctrine of absolute immunity is thus undergirded by the constitutional protection that we afford to free speech about matters of public concern.") This contrary, and unacceptable, conclusion would cause police officers to avoid criticizing a fellow officer during a promotional evaluation and/or discipline process, allowing him or her to continue his or her harassing or intimidating conduct in a higher rank. The Court should therefore dismiss both Counts Five and Six.

## IV. CONCLUSION

For the foregoing reasons, the City and Police Defendants respectfully move the Court to grant summary judgment in their favor on each of the six counts in Fago's Second Amended Complaint.

DEFENDANTS, CITY OF HARTFORD,
BRUCE MARQUIS, KEVIN JONES,
MARK PAWLINA, JOSEPH BUYAK, MARK
RUDEWICZ, AND STEPHEN MIELE

By: _____
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. CT 19095
Derek L. Mogck
Federal Bar No. CT 23688
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5599

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion for Summary Judgment was mailed via first class mail, postage prepaid, on this 30th day of April, 2004, as follows:

James S. Brewer, Esquire
Erin O'Neil, Esquire
818 Farmington Avenue
West Hartford, CT 06120

Joseph W. McQuade, Esquire
Jennifer L. Dixon, Esquire
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

The Honorable Alan H. Nevas
Chambers
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

_____
Derek L. Mogck

367932 v.05