UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL J. FAGO** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV1189 (AHN) |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, ET AL.** | : | |
| Defendants. | : | AUGUST 6, 2004 |
| | : | |

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT IN RESPONSE TO STATEMENT SUBMITTED BY DEFENDANTS MCCLURE, JOBES AND RUSSELL (THREE DEFENDANTS)**

Pursuant to D. Conn. L. Civ. R. 56(a)2, Plaintiff respectfully submits this statement in response to the 56(a)1 Statement by Defendants Nancy McClure, Patrick Jobes and Robert Russell.

**The Parties**

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. Admit.
10. Admit.
11. Admit.

12. Admit.

13. Admit.

14. Admit.

**The Sergeants' Case**

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Deny. <u>See</u> Fago Affidavit at ¶2 ("Fago Affid.") (Exh. 6). Jobes and Russell interpreted Fago's testimony as personal attacks against them. Russell admitted that prior to Fago's testimony in the Sergeants' case, he had no problem with Fago. Pawlina Investigative Packet at COH 323-327 (Exh. 13). Jobes stated that up until Fago testified in the Sergeants' case, he and Fago had a "friendly working relationship". <u>Id</u>. COH 329-330, 335

**The Labor Board Decision Regarding Plaintiff's Harassment**

20. Deny. Plaintiff did not harass anyone and was exonerated from several internal affairs investigations. Fago Affid. at ¶16 (Exh. 6).

**Plaintiff's Promotion and Probationary Period**

21. Admit.

22. Admit.

23. Deny. Plaintiff was never informed of the duration of the probationary period. Fago Affid. at ¶¶ 4, 10 (Exh. 6). William Reilly and Paul Donovan both only served six month probationary periods. Joseph Buyak only served a ten month probationary period before becoming Captain; the duration is arbitrary. Id.

**The Hallway/Stairwell Incident**

24. Deny. Plaintiff denies that in incident occurred. "It was nothing of any significance, nothing different than if you pass someone in a grocery store in an aisle" Fago Dep. at 409:16-18 (Exh. 1).

25. Admit.

26. Admit in part. Plaintiff did not make purposefully make physical contact with McClure. Fago Dep. at 409:16-18 (Exh. 1).

27. Deny in Part. Plaintiff does not deny that McClure made these statements, but does deny the allegations therein. Plaintiff does not recall the force of the accidental brush-like contact was enough to knock McClure's handbag off of her shoulder. Fago Dep. at 448: 16-19 (Exh. 1). Detective Zemienieski, who witnessed the incident said he did not witness the bag being knocked off of her shoulder, and also said he believed that it was not in anyway purposeful. See Memo from Pawlina to Vega (COH 403)(Exh. 12).

28. Admit in Part. Plaintiff does not deny that the specific words quoted were spoken, but admits in part because Defendant's citations have edited Plaintiff's comments to eliminate his continued assertion that the contact was accidental. "I remember accidentally the two of us, myself and Lieutenant McClure, bumping into each other in

the hallway." Fago Dep. at 67:1-4 (Exh.1). Scott Sansom witnessed the incident and "did not believe the contact was intentional." Id. at 109:17-24, 537:5-6 ( "The only thing I do remember is three people in a congested area.").

29. Admit.

30. Admit.

31. Admit.

32. Admit. The physical contact between the plaintiff and McClure was so minor that it did not require and apology. Fago Affid. at ¶17 (Exh. 6).

**McClure's Memo to Pawlina**

33. Admit.

34. Deny in Part. Plaintiff does not deny the content of McClure's memorandum, but denies that the reason stated in this memo accurately reflected her motivations. McClure's complaint against the plaintiff and memorandum to Pawlina was made in retaliation for his sexual harassment grievance and in order to initiate a baseless and harassing investigation against Plaintiff. Fago Dep. at 420:17-421:25 (Exh. 1).

35. Deny. There was no behavior by the plaintiff that needed to be stopped. Fago Dep. at 420:17-421: 25 (Exh. 1).

36. Deny. McClure's memo included unfounded statements regarding her fear of physical assault that were included specifically in order to escalate a minor incident and make it appear severe enough to warrant investigation. Complaint Count Four, Paragraph 5.; Fago Dep. at 420:17-421: 25 (Exh. 1).

37. Admit in part. Plaintiff informed Pawlina that McClure had threatened to make a false complaint against him. Affidavit of Daniel Albert at ¶2 ("Albert Affid.").

38. Admit.

**Pawlina's Meetings with McClure and Plaintiff**

39. Admit in Part. Plaintiff admits that Pawlina met with McClure, but denies the validity of her unfounded statements regarding her fear of physical assault. McClure made these statements specifically in order to escalate a minor incident and make it appear severe enough to warrant investigation. Fago Dep. at 420:17-421: 25 (Exh. 1).

40. Deny. Pawlina asked McClure to report further incidents regarding intimidation that had "been going on with other members of the department". Pawlina Investigative Packet at COH 305 (Exh. 13).

41. Deny in Part. Plaintiff admits that McClure reported the alleged incident to Pawlina, but denies that it ever took place. Fago took the precaution of having Sgt. Kevin Martin with him to prevent further misstatements and false accusations. Sgt. Martin agreed that he had eye contact with Fago throughout this alleged event and did not witness the event the McClure alleged. Fago/Pawlina Trans. at 4 (Exh. 17). See also Martin Report attached to Fago Memo to Pawlina (COH 569-70)(Exh. 15).

42. Admit.

43. Admit.

**Pawlina's Investigation**

44. Deny. Pawlina commenced an investigation of events far beyond the

scope of McClure's memo.  Pawlina Dep. at 67-68, 86 (Exh. 14); Fago/Pawlina  Trans at 5 (COH 379)(Exh. 17).

45.    Admit in part.  There is nothing obvious about who did or did not conduct the investigation.

46.    Deny.  The complaint was not for similar conduct.  Pawlina Investigative Packet at 310-21 (Exh. 13).

47.    Deny in Part. Pawlina wrongfully expanded the scope of the investigation beyond the false accusations regarding the Stairwell incident. Plaintiff denies that Rudewicz and McClure's actions were independent of each other, or that Pawlina had sufficient reason to expand the investigation based merely on McClure's false accusations. Pawlina Investigative Packet at COH 306-307 (Exh. 13); Fago/Pawlina Interview at 13-14 (COH 387-8)("[t]hey obviously talked to each other")(Exh. 17).

48.    Admit.

49.    Admit.

50.    Admit.

51.    Deny.  Patrick Jobes did not answer these interrogatories truthfully. Fago/Pawlina Trans. at 7 (COH 381)("Pat Jobes [is] making that statement contrary to a Sergeant.")(COH 396-7)(Exh. 17).

52.    Admit.

53.    Admit in Part.  Plaintiff admits that Pawlina received interrogatory responses from Jobes, Miele, and Even but denies that the false accusations there in corroborated the types of allegations made by McClure and Rudewicz. Fago Affid. at ¶ 3 (Exh. 6).

54.     Admit that Pawlina made such comments but deny the motivation behind Pawlina's actions. Fago Affid. at ¶¶ 6, 7, 8, 13 (Exh. 6).

55.     Admit that Marquis was involved in the decision to conduct the investigation.

56.     Admit.

**Pawlina's Report**

57.     Admit.

58.     Deny in Part. Pawlina made this statement. Deny the conclusion. Pawlina's conclusion could not be proved and was not supported by evidence. Pawlina Investigative Packet at COH 392 (Exh. 13).

59.     Admit that Pawlina reached such conclusion. Deny the conclusion. Calderone Dep. at 19:20-24, 65:12-18 (Exh. 7).

60.     Admit.

61.     Deny. Defendants were aware that Marquis and his administration were open to the idea of demoting Lieutenants based on false complaints, and because of his race "complaints could be made and they could be taken by the administration, and a demotion, which has seldom occurred in the police department, maybe less than two or three in 30 years or so…could happen" Fago Dep. at 76:1-5 (Exh. 1).

62.     Deny. Plaintiff testified: "I have been close to people. I have hummed. I have walked by people closely. Nothing of this was in attempt to harass other[s]…just in the course of life" Id. at 65:12-18.

**Plaintiff's Probationary Performance Evaluations**

63.  Deny.  Jones altered Fago's performance evaluation of April 2, 2001; Pawlina did not complete his investigation until April 25, 2001.  In addition, Jones based his change upon Pawlina's statements.  Defendant's Exhibits 16-18 to the Fago Tr.; Jones Dep. at 69:9-15 (Exh. 2).

64.  Admit, that Reilly testified as such.  Deny that the plaintiff's conduct was not acceptable. Calderone Dep. at 206 (Exh. 7).

**Marquis' Decision Regarding Plaintiff's Probationary Status**

65.  Admit.

66.  Admit.

67.  Deny.  Marquis was the final decision maker but the other named defendants were involved in the decision. Reilly Dep. at 20-24 (Exh. 20); Jones Dep. at 93 (Exh. 2); 4/03/03 Marquis Dep. at 44-48, 68-69, 75 (basing his decision on Pawlina's flawed investigation)(Exh. 11).

68.  Admit.

69.  Admit.

70.  Admit.

71.  Deny.  Defendants do not accurately reflect the record.  Marquis stated that he used the recommendations of Pawlina and Jones as criteria in the demotion of Fago. Marquis Dep. at 45:19-13 (Exh. 11).  Marquis did not rely on any information from

Sgt. Calderone, the department advocate, who investigated McClure's complaint independently from Pawlina's investigation. Id. at 50:6-13.

72.  Admit.

73.  Admit.

74.  Admit.

75.  Deny, the action was disciplinary and retaliatory. March 5, 2002 Memo from Pawlina to Fago and McClure (COH 408)(describing the discipline of demotion)(Exh. 16); Fago Dep. at 335-338 (Exh. 1).

**Pawlina's Recommendation Regarding Disciplinary Charges**

76.  Deny.  The disciplinary charges are not asserted against an officer.

77.  Admit.

78.  Admit.

**Plaintiff's Lack of Evidence of Racial Animus**

79.  Deny.  Because McClure has made similar complaints against other white males, the pattern of her behavior could lead to the reasonable inference that she has racial animus. Fago Dep. at 487:18-21 (Exh. 1). Because McClure knew of the practices of the department, when she made her complaint against him, she knew it would be fully investigated because he was white.  Id. at 508:5-25. ( "Q: Are you aware of any facts…to support the contention that Nancy McClure treated you differently based on your

race…A: Yes….If you make a complaint against a member of a protected class, it may not go anywhere…I was treated much differently from those persons").

80.     Deny. Because Jobes knew of the practices of the department, when he made his complaint against Fago, he knew it would be fully investigated because he was white. Id. at 508:5-25, 512: 19-24 ("If you make a complaint against a member of a protected class, it may not go anywhere…I was treated much differently from those persons").

81.     Deny. Because Russell knew of the practices of the department, when he made his complaint against Fago, he knew it would be fully investigated because he was white. Id. at 508:5-25, 515:5-16 ("If you make a complaint against a member of a protected class, it may not go anywhere…I was treated much differently from those persons")(Exh. 1).

82.     Deny. The vacancy left by plaintiff's demotion was filled by a black sergeant. Jones Dep. at 101:19-23 (Exh. 2).

83.     Admit.

**Plaintiff's Lack of Evidence of First Amendment Retaliation**

84.     Admit.

85.     Deny. Plaintiffs stated many reasons why Jobes and Russell retaliated against him. This included the fact that defendant's made false statements about him during their trial. Fago Dep. at 159:18-160:1; 161:18-22, 518, 546-547.

**The Basis for Plaintiff's Intentional Infliction of Emotional Distress Claim**

86.     Deny. This is a mischaracterization of the record, plaintiff clearly stated

that any additional evidence was protected by Attorney/Client privilege. Id. at 531:21-532:17.

**The Basis for Plaintiff's Defamation Claim**

87. Admit in Part. Plaintiff does allege that these remarks are defamatory and were made by defendant, but this does not reflect the entire scope of the defamatory statements made. Id.. at 396:12-398:8. Pawlina Investigative Packet at COH 324-5 (Exh. 13); Fago/Pawlina Trans. at 10 (COH 384)(Exh. 17).

88. Deny. See answer to Number 86.

89. Admit.

90. Deny. This is a mischaracterization of plaintiff's statements. Plaintiff clearly stated "I will not limit myself to saying what's on this paper is the only thing that Patrick Jobes has done or said or lied or made a statement…that's not to say that something important didn't happen…but I just don't recall it now…" Fago Dep. at 403:7-404:1 (Exh. 1). Indeed both plaintiff and his attorney made several objections to counsels attempt to "pigeonhole" plaintiff's statements regarding the scope of his testimony. Id. at 404:14-405:15.

91. Admit in part. Deny, that those are the only statements in support of the defamation claim. See response to number 92.

92. Deny. This is a mischaracterization of plaintiff's comments. Fago specifically stated that there were similar other events, but the fact that he could not recall them at the time did not mean that they did not exist. "There's so much and that really is unfair to try and say this is the only thing that happened, because this is the only thing that's on paper right now." Id. at 406:19-22.