UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-cv-1189 (AHN) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, et al. | : | |
| Defendants. | : | September 2, 2004 |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' JOINT MOTION TO STRIKE

Defendants City of Hartford ("City"), Bruce Marquis, Kevin Jones, Mark Pawlina, Joseph Buyak, Mark Rudewicz, Stephen Miele, Patrick Jobes, Nancy McClure and Robert Russell respectfully submit this Memorandum of Law in Support of their joint Motion to Strike portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

I.   INTRODUCTION

In support of his Memorandum in Opposition to defendants' motions for summary judgment in these matters, plaintiff has filed Exhibits ("Ex.") numbered 1 through 30, including Affidavits from himself (Ex. 6) and Sergeant Dan Albert (Ex. 29). The defendants move to strike portions the Fago and Albert Affidavits because they are conclusory and/or not based on personal knowledge.

II.  LAW AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure 56(e), "when a Motion for Summary Judgment is properly made ... an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided for under this rule, must set forth specific facts showing that there is a genuine issue for trial." As the Second Circuit has repeatedly recognized, under Fed. R. Civ. P. 56(e), "only admissible evidence may be used to resist a motion for summary judgment...." Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n.6 (2nd Cir. 2000); see also Kader v. Paper Software, Inc., 111 F.3d 337, 342-343 (2nd Cir. 1997) (non-moving party must come forward with admissible evidence demonstrating genuine issue of material fact in order to overcome summary judgment); Raskin v. Wyatt Co., 125 F.3d 55, 66 (2nd Cir. 1997) (in opposing summary judgment, plaintiff can rely only upon admissible evidence).

"The principles governing admissibility of evidence do not change on a motion for summary judgment." Raskin, at 66. "Because the purpose of summary judgment is to weed out cases in which 'there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), it is appropriate for district courts to decide questions on the admissibility of evidence on summary judgment." Id. "The resolution of evidentiary issues on summary judgment conserves the resources of the parties, the court, and the jury." Id.; see also Meiri v. Dacon, 759 F.2d 989, 998 (2nd Cir. 1985) (The "salutary purposes of summary judgment – avoiding protracted, expensive and harassing jury trials – apply no less to discrimination cases than to commercial or other areas of litigation.").

As one judge in this District has previously acknowledged, "a motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment

2

motion." Newport Electronics v. Newport Corp., 157 F.Supp.2d 202, 208 (D.Conn. 2001). "A party can make a motion to strike affidavits if they contain inadmissible hearsay or are not made on the basis of personal knowledge." Id. (citing Hollander v. American Cyanamid Co., 999 F.Supp. 252, 255-56 (D.Conn. 1998)). "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements." Id.

> A. **All or Portions of Paragraphs 2, 3, 5, 6, 7, 8, 9, 11, 13 and 15 of Fago's Affidavit and Portions of Paragraphs 2 and 4 of Albert's Affidavit Should be Stricken Because They Are Either Conclusory and/or Not Based on Personal Knowledge.**

The Court should strike the following portions of the Affidavits of Fago and Albert as conclusory and/or not based on their personal knowledge:

> **Fago Affidavit**:
>
> ¶ 2. Russell and Jobes were very angry about my testimony in the "Sergeants' Case" and took the fact that I testified for the City as a personal attack that led them to retaliate against me by making false allegations to Pawlina and IAD investigators.
>
> ¶ 3. The false allegations included in the interrogatories from Jobes, Miele and Even did not support the false allegations made by McClure and Rudewicz, but indicate the collusion and join efforts of these defendants to bring about my demotion.
> ...
>
> ¶ 5. McClure was never disciplined for making false allegations in regards to the Stairwell incident.
>
> ¶ 6. Pawlina completed a flawed investigation contrary to the Anti-Harassment policy, out of racial animus, and in order to make it possible to promote black men to the position of lieutenant.
>
> ¶ 7. Pawlina improperly excluded exculpatory evidence from his investigative packet in order to support his conclusion that I should be demoted.

3

¶ 8. Pawlina's alteration of my interim probationary evaluation was not based upon any substantiated events. His excuse for altering the evaluation indicates that the real reason was improper.

¶ 9. The individuals listed in my interrogatories and in my deposition are not an all-inclusive list of HPD members who were similarly situated and disparately treated.
...

¶ 11. Sometime before July 15, 2004, I became aware of questionable behavior by Miele, in the form of a sexually explicit voicemail, and by McClure, in the form of lying about funeral leave in order to obtain time off. When I brought these concerns to the attention of Jones, he dismissed them and retaliated against me [sic] for this lawsuit, my testimony/affidavits in other lawsuits, and my "whistle-blowing activities by sending me to conflict resolution training with no prior warning or justification.
...

¶ 13. Vague and ambiguous questions contained in Pawlina's interrogatories and in the subsequent IAD interviews violated my *Garrity* Rights, which require narrowly tailored questioning in order to prevent the type of abuse and harassment evidenced in Pawlina's investigation.
...

¶ 15. The individuals listed in the Police Defendants Statement of Undisputed facts, paragraph 123 violated the Code of Conduct and were not disciplined or demoted and therefore demonstrate disparate treatment within the HPD.

**Albert Affidavit**:

¶ 2. Insofar as it states that "and it was unsupported."

¶ 4. Insofar as it states that "I was falsely accused of stealing newspapers, and various members of the HPD began a campaign to undermine my career and destroy my position within the Department. I was maliciously investigated prompted by a false complaint by disgruntled subordinates" and "for this racially motivated conduct."

On their face, all of the above statements are either conclusory and/or not based on the personal knowledge of the affiant and therefore should be stricken.[1]

### B. Paragraph 11 of Fago's Affidavit Should be Stricken Because the Events Alleged Therein Are Not Part of the Operative May 29, 2003 Amended Complaint.

The Court should also strike Paragraph 11 of Fago's Affidavit because the events referred to therein are not part of this lawsuit. On July 19, 2004, Chief of Police Patrick J. Harnett ordered Fago to attend anger management training as the result of the rude and inappropriate conduct Fago displayed toward Assistant Chief Jones on June 11, 2004. See Supplemental Declaration of Mark Pawlina, attached to Police Defendants' Reply Memorandum at Tab 1. These events all took place after the filing of the defendants' Motions for Summary Judgment.

If plaintiff maintains that Chief Harnett's Order was retaliatory, the proper procedure would have been for him to move to supplement his Complaint pursuant to the Federal Rules of Civil Procedure. Federal Rule 15(d) allows a court, "upon motion of a party" and "upon such terms as are just," to allow a supplemental pleading "setting forth transactions and occurrences or events that have happened since the date of the pleading sought to be supplemented." See, e.g., Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)

---

[1] Further, with respect to Paragraph 9 of Fago's Affidavit, plaintiff cannot defeat a motion for summary judgment by contradicting his previous deposition testimony and written discovery responses. See Raskin v. Wyatt Co., 125 F.3d 55, 63 (2nd Cir. 1997) ("a party may not create a material issues of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony").

5

(related unlawful retaliation occurred after plaintiff filed initial discrimination action). Plaintiff, however, has not sought to supplement his Amended Complaint. Accordingly, Paragraph 11 is not relevant to any of plaintiff's claims in this action and should be stricken.

## III.    CONCLUSION

For all the foregoing reasons, the Police Defendants ask that their Motion to Strike be granted.

THE DEFENDANTS
CITY OF HARTFORD, BRUCE MARQUIS,
KEVIN JONES, MARK PAWLINA,
JOSEPH BUYAK, MARK RUDEWICZ and
STEPHEN MIELE

By /s/ Charles L. Howard
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. 19095
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214
Their Attorneys


DFENDANTS,
PATRICK JOBES, ROBERT RUSSELL and
NANCY MCCLURE

By /s/ Joseph W. McQuade /w/ permission
Joseph W. McQuade
Federal Bar No. CT 12121
Kainen, Escalera & McHale, PC
21 Oak Street, Suite 601
Hartford, CT 06106
Tel: (860) 493-0870
Fax: (860) 493-0871

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Defendants' Joint Motion to Strike was sent by U.S. Mail, postage prepaid, this 1st day of September 2004, to:

Joseph W. McQuade, Esq.
Jennifer L. Dixon, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

James S. Brewer, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06120

Chambers Copy to:

The Honorable Alan H. Nevas
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Gregg P. Goumas

380457 v.01 S1