**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF CONNECTICUT**

| | | |
|---|---|---|
| **MICHAEL J. FAGO,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | | **3:02-cv-1189 (AHN)** |
| | : | |
| **v.** | | |
| | : | |
| **CITY OF HARTFORD, et al** | | |
| **Defendants.** | : | **October 21, 2004** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

**I. INTRODUCTION**

The Defendants have filed a Motion to Strike certain portions of the Plaintiff's

Opposition to Defendants' Motion for Summary Judgment. The Plaintiff now submits this

Opposition to the defendants' Motion to Strike.

**II. PROCEDURAL HISTORY**

The Defendants filed a Motion for Summary Judgment in the present case. The plaintiff

filed an Opposition to the Motion for Summary Judgment. The plaintiff also filed a Rule 56(a)

(1) Statement of Material Facts in Dispute that specifically addressed each of the defendants

Rule 56(a) (1) Statements. Each of the plaintiff's Rule 56(a) (1) Statement submissions set forth

in "separately numbered paragraphs corresponding to the paragraphs contained in the moving

party's Local Rule 56(a) (1) Statement whether each of the facts asserted by the moving party is

admitted or denied." Loc. R. Civ. P. 56(a) (2).

## III. ARGUMENT AND AUTHORITIES

A.     Legal Standard

A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." Newport Elec., Inc. v. Newport Corp., 157 F. Supp.2d 202, 208 (D.Conn. 2001). The moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons for why the materials should not be considered by the court. E.g., FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). A party can make a motion to strike affidavits if they are not made on the basis of personal knowledge. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988). A motion to strike can also be used to challenge documentary evidence that has not been properly authenticated. E.g., Dedyo v. Baker Eng'g N.Y., Inc., 1998 WL 9376, at *4 (S.D.N.Y. Jan. 13, 1998). However, "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).

Local Rule 56(a)(3) states, "Each statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. *The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e)*. Local R. Civ. P. 56(a) (3) (emphasis added).

**B.** **The Court Should Not Strike All or Portions of Paragraphs 2, 3, 5, 6, 7, 8, 9, 11, 13, and 15 of Fago's Affidavit and Portions of Paragraphs 2 and 4 of Albert's Affidavit Should Not Be Stricken Because They Are Not Conclusory and Are Based on Personal Knowledge.**

Defendants claim that the Court should strike All or Portions of Paragraphs 2, 3, 5, 6, 7, 8, 9, 11, 13, and 15 of Fago's Affidavit and Portions of Paragraphs 2 and 4 of Albert's Affidavit as conclusory and/or not based on their personal knowledge.

**Fago Affidavit:**

Paragraph 2 indicates by way of affidavit, that Russell and Jobes were angry about testimony given in the "Sergeants' Case." This is supported by the record and based upon personal knowledge of the affiant.

Paragraph 3 is supported by the record, by way of affidavit, that the false allegations included in the interrogatories from Jobes, Miele and Even did not support the false allegations by McClure and Rudewicz. This is supported by the record and based upon personal knowledge of the affiant.

Paragraph 5 indicates by way of affidavit that McClure was never disciplined for making false allegations in regards to the Stairwell incident. This is based upon personal knowledge of the affiant.

Paragraph 6 indicates by way of an affidavit, that Pawlina completed a flawed investigation contrary to the Anti-Harassment policy. This is based upon personal knowledge of the affiant.

Paragraph 7 indicates by way of an affidavit that Pawlina improperly excluded exculpatory evidence from his investigative packet in order t support his conclusion that Fago should be demoted. This is based upon personal knowledge of the affiant.

Paragraph 8 indicates by way of an affidavit that Pawlina's alteration of the interim probationary evaluation was not based upon any substantiated events. This is based upon personal knowledge of the affiant.

Paragraph 9 by way of an affidavit indicates that there the individuals listed in the interrogatories and depositions are not an all-inclusive list of HPD members who were similarly situated and disparately treated. This is supported by the record and based upon personal knowledge of the affiant.

Paragraph 11 indicates by way of an affidavit, that sometime before July 15, 2004 Fago became aware of questionable behavior by Miele, in the form of a sexually explicit voicemail, and by McClure in the form of lying about funeral leave in order to obtain time off.  These concerns were brought to the attention of Jones, who dismissed them. This is based upon personal knowledge of the affiant.

Paragraph 13 indicates by way of an affidavit that Pawlina's interrogatories were not narrowly tailored and thus violate Garrity Rights. This is supported by the record and based upon personal knowledge of the affiant.

Paragraph 15 indicates by way of an affidavit that the individuals listed in the Police Defendants Statement of Undisputed facts, paragraph 123 violated the Code of Conduct and were not disciplined or demoted. This is based upon personal knowledge of the affiant.

**<u>Albert Affidavit:</u>**

Paragraph 2 indicates by way of an affidavit that it was unsupported. This is based upon personal knowledge of the affiant.

Paragraph 4 indicates by way of an affidavit, that Albert was falsely accused of stealing newspapers, and maliciously investigated as a result of a false complaint and disgruntled subordinates. This is supported by the record and based upon personal knowledge of the affiant.

All of the above statements are based on the person knowledge of the affiants, and therefore should not be stricken.

      **C.**      **<u>The Court Should Not Strike Paragraph 11 of Fago's Affidavit.</u>**

Defendants argue that paragraph 11 of Fago's Affidavit should be stricken because the events referred to therein are not part of this lawsuit. The events set forth in Paragraph 11 show a continuation of the harassment that Fago has suffered in violation of his First Amendment rights as part of the retaliation of filing the present lawsuit.

**IV. CONCLUSION**

For all the foregoing reasons, the Defendants' Motion to Strike should be denied.

THE PLAINTIFF,

BY:_____
        Erin I. O'Neil, Esq.
        Brewer & O'Neil
        818 Farmington Avenue
        West Hartford, CT 06119
        (860)523-4055
        Federal Bar #ct23073

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this October 21, 2004, to the following:

Charles L. Howard
Gregg P. Goumas
Derek L. Mogck
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Joseph W. McQuade
Jennifer L. Dixon
Kainen, Escalera & McHale
21 Oak Street
Hartford, CT 06106

Clerk
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

_____
Erin I. O'Neil