UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. FAGO | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV1189 (AHN) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, ET AL. | : | |
| Defendants. | : | APRIL 6, 2005 |
| | : | |

## NANCY MCCLURE'S RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and this court's instructions at a status conference held on April 4, 2005, Defendant Nancy McClure respectfully renews her Motion for Summary Judgment originally filed on or about April 30, 2004. The original motion was filed on behalf of Defendants McClure, Jobes and Russell. On April 4, 2005, the parties filed a "Stipulation of Dismissal with Prejudice as to Defendants Patrick Jobes and Robert Russell" pursuant to Fed. R. Civ. P. 41(a). Thus, assuming that the court approves such stipulation, the only remaining defendant represented by the undersigned is Nancy McClure.

Defendant McClure moves for summary judgment on all claims contained in Plaintiff's Second Amended Complaint in which she is named. Summary Judgment should enter for the following reasons:

1. McClure was not personally involved in the decision to return Plaintiff to the rank of sergeant and, consequently, cannot be held liable pursuant to 42 U.S.C. §1983;

2. The actions of McClure did not proximately cause Plaintiff to be returned to the rank of sergeant and, consequently, she cannot be held liable under 42 U.S.C. §1983 nor can she be held liable for intentional infliction of emotional distress;

3. Plaintiff cannot produce sufficient evidence of racial animus to support an Equal Protection claim against McClure, nor can he establish a hostile work environment;

4. Plaintiff has not pled and cannot support a class-of-one equal protection claim;

5. Plaintiff has not engaged in speech regarding a matter of public concern and, therefore, cannot support a First Amendment retaliation claim against McClure;

6. Plaintiff cannot demonstrate that McClure retaliated against him for his testimony in the sergeants' case;

7. McClure is entitled to the protections of Qualified Immunity;

8. Plaintiff cannot establish a viable claim of intentional infliction of emotional distress against McClure;

9. Any alleged defamatory statements made by McClure are absolutely immune from defamation liability because Defendant Pawlina's investigation was a quasi-judicial proceeding; and

10. The alleged defamatory statements attributed to McClure are either true or expressions of opinion and are not actionable as defamatory.

In further support of this motion, the Defendant McClure relies upon the Memorandum of Law in Support, the Rule 56(a)(1) Statement of Facts Not in Dispute and accompanying affidavits and materials originally filed on or about April 30, 2004.  Further, Defendant McClure relies upon the "Reply Brief in Support of Motion for Summary Judgment by Defendants McClure, Jobes and Russell" filed September 3, 2004.  Finally, Defendant McClure relies upon the Motion to Strike and supporting materials filed on or about September 3, 2004.  The parties intend to renew the Motion to Strike.

                         DEFENDANT,
                         NANCY MCCLURE


By_____
    Joseph W. McQuade, ct12121
    jmcquade@kemlaw.com
    Jennifer Lian Dixon, ct15914
    jdixon@kemlaw.com
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    Telephone (860) 493-0870
    Facsimile (860) 493-0871
    Their Attorneys

**CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing Nancy McClure's Renewed Motion for Summary Judgment was sent via first class U.S. mail on this the 6th day of April, 2005 to:

| | |
|---|---|
| Norman Pattis, Esq. | Charles L. Howard, Esq. |
| Law Offices of Norman Pattis, LLC | Gregg P. Goumas, Esq. |
| 649 Amity Road | Derek Mogck, Esq. |
| P.O. Box 280 | Shipman & Goodwin, LLP |
| Bethany, CT  06524 | One Constitution Plaza |
| | Hartford, CT  06103-1919 |

                                            Joseph W. McQuade

17584